IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
_____
                           :
RHONDA ABBOTT et al.,      :    HONORABLE JEROME B. SIMANDLE
                           :
           PlaintiffS,     :    Civil No. 10-1901 (JBS/AMD)
                           :
      v.                   :
                           :
TACCONELLI'S PIZZERIA, LLC et :        OPINION
al.,                       :
                           :
           Defendants.     :
_____:
```

APPEARANCES:

Anthony J. Brady, Jr., Esq.
LAW OFFICES OF ANTHONY J. BRADY, JR.
1 Rose Avenue
P.O. Box 129
Maple Shade, NJ 08052
      Attorney for Plaintiffs Rhonda Abbott, Gregory Lasky, and
      Advocates for Disabled Americans

John T. Dooley, Esq.
LAW OFFICES OF JOHN T. DOOLEY, LLC
The Dooley Building
5434 King Avenue at Route 38 East
Suite 202
Pennsauken, NJ 08109-1197
      Attorney for Defendants Tacconelli's Pizzeria, LLC., and
      Vincent Tacconelli

**SIMANDLE**, District Judge:

## I.   INTRODUCTION

Plaintiffs Rhonda Abbott, Gregory Lasky, and the non-profit corporation Advocates For Disabled Americans (hereinafter referred to as "AFDA") filed suit against Defendants Tacconelli's Pizzeria, Vincent Tacconelli and "John Doe(s)" A thru Z -- the

landlords of the building where the Pizzeria is located — for
denying services to Plaintiff Abbott because of the presence of
Abbott's service dog (Pls.' Compl. ¶¶ 7-8), and for Lasky's
inability to access the restaurant because Defendants allegedly
did not provide proper accessible parking or an accessible entry
route due to snow (id. ¶¶ 12-13).  Plaintiffs allege that
Defendants Tacconelli Pizzeria and Mr. Tacconelli violated the
New Jersey Law Against Discrimination (hereinafter referred to as
"NJLAD"), N.J. Stat. Ann. §§ 10:5-1 to -49, and Title III of the
Americans with Disabilities Act (hereinafter referred to as
"ADA"), 42 U.S.C. §§ 12101-12213,[1] when they allegedly
discriminated against Plaintiffs causing them to experience anger
and emotional distress. (Id. ¶¶ 8-9, 14, 16, 20.)

The matter before the Court is Defendants Tacconelli and
Tacconelli Pizzeria's motion to dismiss Plaintiffs' Complaint
comprised of four counts [Docket Item 3].  Defendants argue that
the Court should dismiss Plaintiffs' Complaint with prejudice for

---

[1] Plaintiffs' Complaint does not cite to specific provisions of
the NJLAD or ADA.  Only in Plaintiffs' reply to Defendants'
motion to dismiss do Plaintiffs include a citation to New Jersey
regulations  pertaining to public accommodation for service
animals.  N.J. Admin. Code § 12:13-4.3(c).  Plaintiffs' Complaint
and reply do not contain any citations to New Jersey law for
Plaintiff Lasky or the AFDA's discrimination claims.  However,
the Court notes that  N.J. Stat. Ann. § 10:5-29 specifically
pertains to handicapped individuals accompanied by service or
guide dogs in public facilities.

their failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P.  Defendants also argue that Plaintiff AFDA has no standing to sue pursuant to Rule 17, Fed. R. Civ. P., because its certification of incorporation was revoked on August 16, 2008, thereby dissolving AFDA as a corporation under New Jersey law, N.J. Stat. Ann. § 15A:12-1(a)(8), giving the Court further reason to dismiss AFDA's Complaint with prejudice.  (Defs.' Mot. to Dismiss 8-10; Defs.' Reply Br. 4-10.)

For the following reasons, Defendants' motion will be granted in part and denied in part.[2]  The Court will dismiss Plaintiff Lasky's claims without prejudice, and will deny Defendants' motion to dismiss Plaintiff Abbott's claims in Count I and Count IV.  The Court will permit Plaintiff Lasky to move to amend his claims in Count II and Count IV of the Complaint. Defendants' motion to dismiss Plaintiff AFDA for lack of standing is converted to a motion for summary judgment, which will be granted.

---

[2] This Court has federal question subject matter jurisdiction over the present suit, see 28 U.S.C. § 1331, based on Plaintiffs' federal ADA claim.  The Court exercises supplemental jurisdiction over the Plaintiffs' state claims, see 28 U.S.C. § 1367.

## II.  BACKGROUND

Plaintiff Rhonda Abbott is a hearing impaired and disabled individual who uses a service dog, and Plaintiff Gregory Lasky is a paraplegic who uses both a wheelchair and a service dog. (Pls.' Compl. ¶¶ 1-2.)  On August 2, 2009 and December 9, 2009 Plaintiff Abbott alleges that she was denied "the services of Tacconnelli's Pizzeria because of the presence of her service dog," which caused her to "sustain anger and emotional distress." (Id. ¶¶ 7, 9.)  Subsequent to Plaintiff Abbott's experiences with Tacconnelli's Pizzeria, Plaintiff Lasky went to the Pizzeria to order food and "investigate," but was unable to enter the Pizzeria because he alleges that Defendants "piled snow on [their] curb cut rendering it impossible for [him] to become a patron," and because Defendants "do not have proper accessible parking and accessible route."  (Id. ¶ 12.)  Plaintiff Lasky contends that he too experienced anger and emotional distress following his trip to the Pizzeria.[3]  (Id. ¶ 14.)

In Count III Plaintiff AFDA states that it "repeats the allegations of the first count" and that it "has standing in its own right to prosecute this action."  (Id. ¶¶ 17-18.)  The AFDA does not allege anything further in the Complaint.  In Count IV

---

[3] Plaintiff Lasky does not disclose the date that he went to Tacconelli's Pizzeria in Count II of the Complaint.

all Plaintiffs "repeat the allegations of the first count," and
allege that Defendant Mr. Tacconelli discriminated against them
for failure to serve Plaintiff Abbott because of her service dog.
(Id. ¶¶ 19-20.)  All Plaintiffs seek damages, injunctive relief,
attorney fees and costs of the suit because of Defendants'
alleged denial of service, which Plaintiffs' argue violates the
NJLAD and ADA.  (Id. ¶¶ 8, 10, 16, 18, 20.)

On April 14, 2010, Defendants removed this action from the
Superior Court of New Jersey [Docket Item 1].  Defendants
subsequently filed a motion to dismiss Plaintiffs' Complaint on
June 17, 2010, arguing that Plaintiffs failed to state claims
upon which relief may be granted under Rule 12(b)(6) [Docket Item
3].  Plaintiffs argue in opposition that Defendants' motion
should be denied as to Plaintiff Abbott's counts because she made
a plausible claim for relief, and in the alternative, if the
Court disagrees with Plaintiff, asking the Court for leave to
amend Plaintiff Abbott's and Plaintiff Lasky's counts.  (Pls.'
Resp. Br. 2.)  In addition Plaintiffs consented to the dismissal
of AFDA without prejudice, even though they disagree with
Defendants' standing argument.  (Id.)  In their reply [Docket
Item 5], Defendants ask the Court to "preserve [their] right to

seek litigation expenses and attorneys' fees[4] by ruling on this
motion" -- granting the motion to dismiss with prejudice for all
Plaintiffs' claims -- rather than "allowing the AFDA and their
attorney and agent, Anthony J. Brady, Esquire, to again withdraw
a baseless claim brought on behalf of the AFDA without any
repercussions."[5]  (Defs.' Reply Br. 10.)

## III. DISCUSSION

### A.   Standards for Motion to Dismiss and for Summary Judgment

---

[4] The current motion before the Court is Defendants' motion to
dismiss, so the Court will not make a determination as to whether
Defendants are entitled to attorneys' fees or litigation expenses
because it not proper for the Court to decide this issue at
present.  This Court will note, however, that it is unlikely that
a motion for Rule 11 sanctions against Mr. Brady would succeed.
Under Rule 11(c)(2), Fed. R. Civ. P., a motion for sanctions
"must be made separately from any other motion," must describe
the specific misconduct alleged, and must provide the party
accused of misconduct twenty-one days to correct the misconduct.
Mr. Brady's offer to withdraw AFDA's claim, occurring within
twenty-one days of the deficiency being brought to his attention,
would seem to satisfy the purpose of Rule 11's "safe harbor"
provision under Rule 11(c)(2), notwithstanding the fact that
withdrawal under Rule 41(a)(1)(A)(i) is not permitted in the face
of Defendant's motion for summary judgment, see Part III.C,
below.

[5] In their reply, Defendants allege that Plaintiff AFDA had
notice that they were without standing in this case for two
reasons: first, in August 2008 their incorporation status was
revoked, and second, on September 17, 2009 in Lasky v. Camden
County, No. 09-4338, 2010 WL 323220 (D.N.J. Jan. 20, 2010), when
Camden County filed its motion to dismiss based on AFDA's lack of
corporate status, AFDA subsequently and voluntarily withdrew
itself as a party to the action prior to the Honorable Robert B.
Kugler formally ruling that they would be dismissed from the
case.  (Defs.' Reply Brief 6, 9.)

In deciding the Defendants' motion to dismiss pursuant to
Fed. R. Civ. P. 12(b)(6), with respect to the claims of
Plaintiffs Abbott and Lasky, the Court must look to the face of
the Complaint and decide, taking all of the allegations of fact
as true and construing them in a light most favorable to the
plaintiffs, whether Plaintiffs' allegations state any legal
claim, and "determine whether, under any reasonable reading of
the complaint, the plaintiff[s] [are] entitled to relief."
Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)
(citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d
Cir. 2002)); see Markowitz v. Northeast Land Co., 906 F.2d 100,
103 (3d Cir. 1990).  For plaintiffs to proceed with their claim,
the complaint has to contain a "sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)
(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007));
Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  In
accord with Fed. R. Civ. P 8(a)(2), a pleading that states a
claim for relief need only contain "a short and plain statement
of the claim showing that the pleader is entitled to relief."
Thus, a Plaintiff is obligated to "provide [in his complaint] the
'grounds' of his 'entitle[ment] to relief,'" which requires more
than "labels and conclusions," but he is not required to lay out

7

"detailed factual allegations." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Therefore, a complaint must contain facially plausible claims, that is, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, 550 U.S. at 556.

Following the Supreme Court precedent in Iqbal, the Third Circuit Court of Appeals in Fowler instructs district courts to conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim upon which relief may be granted. Fowler, 578 F.3d at 210-11 (citations omitted). The analysis should be conducted as follows:

> (1) the Court should separate the factual and legal elements of a claim, and the Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions; and (2) the Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief, so the complaint must contain allegations beyond plaintiff's entitlement to relief. A plaintiff shows entitlement by using the facts in his complaint.

Id.

The Court independently considers whether the claims of Plaintiffs Abbott and Lasky, as alleged in the Complaint -- containing their four counts -- are sufficient to survive Defendants' motion to dismiss, and draws on its judicial experience and common sense when conducting this context-specific

8

inquiry.  <u>See</u> <u>Twombly</u>, 550 U.S. at 556 (holding that a reviewing court's inquiry necessitates that a court draw on its judicial experience and common sense).

With regard to the motion to dismiss the claims of Plaintiff AFDA, however, where the movant has attached evidence outside the pleadings refuting AFDA's claim of being a non-profit corporation under New Jersey law, the motion was converted to a motion for summary judgment under Rule 56, as explained in Part III.C, below.  Pursuant to Rule 56(c)(2), summary judgment "shall be rendered if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Under this standard, "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."  <u>Clark v. Modern Group Ltd.</u>, 9 F.3d 321, 326 (3d Cir. 1993) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).

**B.  Discrimination under the ADA and NJLAD**

    1.  <u>Standard for ADA Claims</u>

A principal purpose for the enactment of the ADA was to cease discrimination against individuals based on their disabilities and end their exclusion or "denial of the benefits of the services provided by public entities."  42 U.S.C. § 12132. For a plaintiff to succeed in bringing a Title III ADA claim under 42 U.S.C. § 12182(a), the plaintiff must prove that:

> (1) he was discriminated against on the basis of the disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns or operates a place of public accommodation.

See Bowers v. National Collegiate Athletic Ass'n, 118 F. Supp. 2d 494, 514 (D.N.J. 2000).

> 2.   Standard for NJLAD Claims

The New Jersey legislature constructed NJLAD for similar purposes, namely, so that courts could construe it liberally in order to "elimininat[e] the cancer of discrimination." Dale v. Boy Scouts of Am., 734 A.2d 1196, 1207-08 (1999), rev'd on other grounds, Boy Scouts of Am. v. Dale, 530 U.S. 640 (2000).  All provisions of the NJLAD apply to unlawful discrimination against "any person because such person is or has been at any time handicapped." N.J. Stat. Ann. § 10:5-4.1; see also N.J. Admin. Code § 13:14-4.2.  The NJLAD also addresses discrimination of handicapped individuals that utilize the service of aid or

service dogs.  It provides in pertinent part that "[a]ny
handicapped, blind or deaf person accompanied by a service or
guide dog trained by a recognized training agency is entitled,
with his dog, to the full and equal enjoyment, advantages,
facilities and privileges of all public facilities[6] . . . ."
N.J. Stat. Ann. § 10:29.  Taking into consideration the nature of
Plaintiffs' allegations and the applicable provisions of the ADA
and the NJLAD, the Court will determine whether Defendants'
motion to dismiss shall be granted.

    3.   <u>Plaintiff Abbott's claims in Count I and Count IV</u>

    In Plaintiffs' opposition to Defendants' motion to dismiss,
Plaintiff Abbott argues that the Court should deny Defendants'
motion to dismiss because she has alleged a plausible claim under
the ADA and the NJLAD.  (Pls.' Resp. Br. 2-3.)  In the
alternative, Plaintiff Abbott asks the Court for leave to amend
the Complaint.  (<u>Id.</u> at 2.)

    In Count I and Count IV of the Complaint Plaintiff Abbott
sufficiently states claims upon which relief may be granted
pursuant to Fed. R. Civ. P. 8 and Supreme Court precedent in

---

[6] A public facility is "any place of public accommodation and any
. . . public building, and any other place or structure to which
the general public is regularly, normally or customarily
permitted or invited."  N.J. Stan. Ann. § 10:5-5(v).  A
restaurant is considered a place of public accommodation.  N.J.
Stan. Ann. § 10:5-5(l).

<u>Twombly</u> and <u>Iqbal</u>.  <u>Iqbal</u>, 129 S. Ct. at 1949 ; <u>Twombly</u>, 550 U.S. at 570.  Plaintiff Abbott asserts in Count I that she is hearing impaired and disabled and was denied services by Defendant on two separate occasions because of the presence of her service dog. (Pls.' Comp. ¶ 1, 7).  This is more than a conclusory allegation because Plaintiff Abbott's claims give rise to a plausible inference that she is disabled, that Defendants fall under the purview of the ADA and NJLAD because they own or operate a restaurant — a public accommodation under the statutes — and because Defendants discriminated against her by refusing her service due to the presence of her service dog.  Under ADA guidance, a private entity may not insist on proof of state credentials before permitting entry of a service animal to a place of public accommodation.  <u>See</u> Americans with Disabilities Act Title III Technical Assistance Manual Covering Public Accommodations and Commercial Facilities § III-4.2300 (1994 Supp.).  By alleging that the service dog was the basis for the discrimination and refusal of service, Plaintiff tips the scale of possibility into the realm of plausibility under the ADA. Similarly, parallel requirements for service dogs exist under the NJLAD.  <u>See</u> N.J. Stat. Ann. § 10:29 and N.J.A.C. 13:13-4.3(c). In addition, the factual allegations show that she has a

plausible claim to relief under the ADA and NJLAD because of
Defendants' alleged discrimination against her.

Under Twombly and Iqbal, Plaintiff need not list detailed
factual allegations, but she is only required to state enough for
the Court to infer that Defendants refused to serve her, as a
disabled person, because of the presence of her service dog,
which she has sufficiently and clearly laid out in the Complaint.
(Pls.' Comp. ¶ 7).  Such a claim is plausible under the
circumstances alleged.  Plaintiff's allegations suffice to put
Defendants on notice of the basis of Plaintiff Abbott's claims,
namely that on two separate occasions they refused her service
because of her service dog.

Simply put, Plaintiff Abbott succeeds in stating the grounds
of entitlement for her relief.  Because Plaintiff Abbott's
allegations state legal claims under Fed. R. Civ. P. 8 in Count I
and Count IV of the Complaint, Defendants' motion to dismiss is
denied as to her claims.

4.   Plaintiff Lasky's claims in Count II and Count IV

In Plaintiffs' reply to Defendants' motion to dismiss,
Plaintiff Lasky agrees with Defendants that his Complaint is not
specific enough, but asks the Court for leave to amend his
Complaint again noting for the Court that the Complaint was
originally filed in New Jersey State court which has a more

13

liberal pleading standard.  (Pls. Resp. Br. 2.)  Because
Plaintiff Lasky concedes the insufficiency of his complaint under
the federal standards, the Court will grant Defendants' motion to
dismiss his claims, without prejudice to Plaintiff Lasky's right
to seek leave to file an Amended Complaint setting forth the
grounds of Defendants' liability under Counts II and IV, within
fourteen (14) days hereof.

       C.   **AFDA's Lack of Capacity to Sue**

       Defendants, as noted, seek dismissal of Plaintiff AFDA for
lack of standing, since AFDA lost its corporate status when the
State of New Jersey revoked it for failure to file an annual
report for two consecutive years on August 16, 2008.  AFDA's
attorney herein, Anthony J. Brady, Esq., is listed as corporate
agent for AFDA, and Defendants argue that the present case, which
Mr. Brady filed on March 9, 2010, is brought by an entity without
power to bring suit.  Defendants seek a ruling on the merits and
preserve their right to seek fees as a prevailing party under
N.J. Stat. Ann. § 10:5-27.1 (NJLAD permits prevailing party to
recover reasonable attorney's fees and costs) and N.J. Stat. Ann.
§ 2A:15-59.1 (New Jersey Frivolous Cause of Action statute).  In
response, AFDA's counsel indicates he "might have consented to a
dismissal of AFDA which has been [his] general policy for many
years."  (Pl. Opp'n ¶ 9.)  According to Mr. Brady, AFDA "will

                              14

consent to be dismissed without prejudice in that in reality
Defendants' arguments are based on standing which would render
the Court without subject matter jurisdiction."  (Id. ¶ 6.)  AFDA
argues that a dismissal for lack of standing should be without
prejudice, citing Brown v. Francis, 750 F.3d 860, 866 (3d Cir.
1996).

The capacity of a corporate entity to bring suit is
addressed under Rule 17(b)(2), Fed. R. Civ. P., which states:

> Capacity to sue or be sued is determined as
> follows:
> ...
>
> (2)  for a corporation, by the law under
>      which it was organized....

Since AFDA is a non-profit corporation incorporated in New
Jersey, the law of New Jersey determines AFDA's capacity to sue.
Under New Jersey law, it is plain that AFDA lacked capacity to
sue after its corporate registration was revoked in 2008,
pursuant to N.J. Stat. Ann. § 15A:12-1(a)(8) (listing the limited
powers of corporations in winding down affairs after loss of
registration).

AFDA's offer to consent to dismissal without prejudice
implicates Fed. R. Civ. P. 41.  Under Fed. R. Civ. P.
41(a)(1)(A)(i) — subject also to Fed. R. Civ. P. 23(e), 23.1(c),
23.2 and 66, which are inapplicable here — "a plaintiff may

dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer or a motion for summary judgment, so its filing will not "cut off a plaintiff's right to dismiss by notice."  <u>In re: Bath and Kitchen Fixtures Antitrust Litig.</u>, 535 F.3d 161, 166 (3d Cir. 2008) (citing <u>Manze v. State Farm Ins. Co.</u>, 817 F.2d 1062, 1065-66 (3d Cir. 1987)).

In the present case, of course, Defendants have attacked AFDA's capacity to sue by referring to matters outside the pleadings, namely the report of the New Jersey State Business Gateway Service Business Entity Status Report, attached to Defendants' Br. at Ex. B [Docket Item 3].  The Defendants' Brief also refers to submissions made in another case regarding AFDA's status, <u>Lasky v. Camden County</u>, Civ. No. 09-4338, 2010 WL 323220 (D.N.J. Jan. 20, 2010), including AFDA's stipulation of dismissal filed therein before a ruling could be made on defendant's motion to dismiss in that case.  (Defendants' Br. at ¶¶ 30-31). Reliance upon matters outside the pleadings converts the present Rule 12(b)(6) motion to a motion for summary judgment under Rule 56, pursuant to Rule 12(d).[7]  The present motion, although

---

[7] Rule 12(d), Fed. R. Civ. P., provides:  "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are

16

denominated under Rule 12(b)(6), clearly became a motion for summary judgment under Rule 56 upon filing with reference to matters outside the pleadings.  Because AFDA has been served with a motion for summary judgment, it may not voluntarily dismiss under Rule 41(a)(1), supra, absent stipulation of Defendants under Rule 41(a)(1)(A)(ii).  Defendants refuse to so stipulate after filing the present motion, arguing that this is at least the second time AFDA has filed suit after revocation of its corporate status in New Jersey.

Plaintiff AFDA has not filed a notice of voluntary dismissal, and it remains a named plaintiff unless or until dismissed.  AFDA has not offered any evidence in opposition to Defendants' motion, and it has not contested Defendants' showing, from public sources, that AFDA lost its corporate status on August 16, 2008, almost 19 months before AFDA filed this case in Superior Court on March 9, 2010.  Attorney Brady similarly included AFDA as a plaintiff in this case after AFDA's lack of

---

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  In the present case, Plaintiff AFDA had the opportunity to respond to these factual materials when the present motion was filed on June 17, 2010, and Plaintiffs' Response in Opposition, filed June 30, 2010 [Docket Item 4], comprised AFDA's opportunity to demonstrate that it has capacity to sue.

corporate status resulted in the withdrawal of its claims in
Lasky v. Camden County, Civ. No. 09-4338, 2010 WL 323220 (D.N.J.
Jan. 20, 2010) (J. Kugler).  When given a chance to explain
AFDA's position, Attorney Brady simply said that "consent[ing] to
a dismissal of AFDA . . . has been the undersigned's general
policy for many years."  (Pl. Opp'n ¶ 9.)  Such a "policy" is
unsatisfactory and provides cold comfort to the Defendants after
AFDA has improperly sued for monetary and injunctive relief.

It is plain that AFDA lacks a juridical identity at the
present time and cannot bring claims on its own behalf, since it
lacks the capacity to bring suit after revocation of corporate
certification, pursuant to N.J. Stat. Ann. § 15A:12-1(a)(8).  Mr.
Brady has offered no reason why AFDA brought this suit while
lacking capacity to do so, and whether AFDA was named as a
plaintiff through intent or inadvertence.  Under these
circumstances, it would inequitable to permit voluntary dismissal
of AFDA's complaint in the face of the summary judgment motion
asserting lack of capacity to sue under Rule 17(b), supra.  As a
party without capacity to sue, AFDA should not be heard to invoke
the provisions of Rule 41(a) while lacking the ability to invoke
the powers of a court in the first place.

Under these circumstances, the Court finds that AFDA should be dismissed as a plaintiff for lack of standing to sue, and Defendants' motion is granted in this respect.

### D.   Dismissal and Prejudice

The Court must still consider whether to dismiss Plaintiff Lasky's claims with or without prejudice.  Generally, a party may amend its pleadings with consent of the opposing party or the court's leave and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Such circumstances where a court would not give leave to amend, include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).  A proposed amended complaint that fails to state a claim for which relief may be granted under Rule 12(b)(6) would be futile.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  A party seeking leave to amend is required to submit a motion to request leave to amend his complaint along with a draft of the amended complaint.  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (following a long-standing rule that the drafts of amended complaints must be

19

submitted to the court along with requests for leave to amend).

The Court cannot say from the face of the present complaint, and

without the benefit of a proposed amended complaint or even a

formal motion for leave to amend, that any attempt by Mr. Lasky

to amend his complaint would be futile.  The Court will therefore

dismiss Plaintiff Lasky's claims without prejudice and permit him

to move to amend his complaint within fourteen (14) days of entry

of this Order.  The Defendants may challenge any motion to amend

at that time.

## IV.   CONCLUSION

Plaintiff Lasky concedes that he failed to state claims upon

which relief may be granted in Count II and Count IV of

Plaintiffs' Complaint.  Therefore, Defendants' motion to dismiss

will be granted for Lasky's claims in Count II and Count IV of

the Complaint, and Plaintiff Lasky's claims are dismissed without

prejudice to Lasky's right to file a motion for leave to file an

Amended Complaint within fourteen (14) days of entry of the

accompanying Order.  Defendants' motion to dismiss is denied for

Plaintiff Abbott's claims in Count I and Count IV of the

Complaint.  Defendants' motion to dismiss the claims of Plaintiff

AFDA for lack of standing was converted to a motion for summary

judgment, and it will be granted, the Court adjudging that AFDA

lacks capacity to sue in this case.  The accompanying Order will
be entered.


**August 24, 2010**                    **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       United States District Judge