IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHONDA ABBOTT; GREGORY LASKY; and ADVOCATES FOR DISABLED AMERICANS (AFDA)<br><br>Vs.<br><br>TACCONELLI'S PIZZERIA, LLC.; VINCENT TACCONNELLI; and JOHN DOE(s) fictitious names of Defendants A thru Z,<br><br>Defendant(s). | : CASE NO.: 1:10-cv-01901-JBS-AMD<br>:<br>:<br>: Civil Action<br>:<br>:<br>:<br>:<br>:<br>: **BRIEF IN OPPOSITION TO THE**<br>: **MOTION OF DEFENDANTS, VINCENT**<br>: **TACCONELLI AND TACCONELLI'S**<br>: **PIZZERIA, LLC FOR ATTORNEYS'**<br>: **FEES AND COSTS** |

## STATEMENT OF FACTS

1. Plaintiffs will rely upon the enclosed certifications as its statement of facts.

### CERTIFICATION OF ANTHONY J. BRADY, JR.

My name is Anthony J. Brady, Jr., and I hereby certify as follows:

1. I represent the Plaintiffs in the above captioned matter.

2. I must apologize to having mistakenly brought suit with Plaintiff AFDA while it was suspended at the time of the filing. Subsequently, the AFDA has been reinstated. Att. 1.

3. This was a negligent mistake without any maliciousness or bad faith.

4. The prosecution of the case was done with no malice or bad faith. Prior to filing the suit I conducted an investigation and arrived at the opinion that Defendants violated Ms. Abbott's civil rights as indicated in the Police report. In addition, the Defendants also violate Mr. Lasky's right in regard to snow and access route into the restaurant.

5. Ms. Abbott indicated that the owner was extremely abrasive and nasty.

6. The AFDA are generally put into the suits due to the fact that many Defendants in access rights suits prefer to settle with organizations rather than just individuals.

7. At any time if a Defendant requests a dismissal of the AFDA, I will consent due to the fact that the organization only has standing if an individual member also has standing.

8. In the City of Camden case I did not study the capacity issue but I automatically agreed to a dismissal.

9. I have as a result studied corporate law including 28 ALR 5th 744.

10. I have always attempted to act ethical and not create unnecessary litigation.  For instance, I recently represented a restaurant owner in South Florida who was sued for ADA violations.  Upon receipt of the documentation I investigated the restaurant and determined that, indeed, there were some ADA violations.  I recommended to the owner to make its alterations and to settle, notwithstanding that he had a potential standing defense.  I enclose a copy of the Parties' consent Order in which Defendant paid $1,000.00 and agreed to alter its restaurant to comply with the ADA.  Obviously, The result was Defendant did not pay large fees, the disabled will have access, and Plaintiff's counsel earned a small fee.  A victory for all concerned.  As a Plaintiff's attorney I have always attempted to act in the same responsible way.  As often is the case in New Jersey I recommend that the parties do not enter into discovery until a honest attempt at resolving is made.  Most of these cases are done in this matter without much litigation.  Att. 2.

11. In this case Defendants' counsel has litigated to the contrary. Prior to his motion to dismiss I called Mr. Dooley to discuss the action. He did not return my call. If he had, I would have agreed to dismiss the AFDA.

12. Prior to the Defendants' motion to dismiss he did not contact the undersigned nor demand that the AFDA be dropped, which is mandatory under R.1:4-8, F. R. Civ. P. 11, N.J.S.A. 2A:15-59.1 and Toll Brothers v. Township of West Windsor, 918 A.2d 595 (N.J. 2007).

13. Despite his failure to give the necessary safe harbor provision he continues to prosecute for attorney fees. Despite his claimed rate of $750.00 per hour Defendants' counsel did not cite to the Court the binding case of Toll Brothers v. Township of West Windsor, 918 A.2d 595 (N.J. 2007), which mandates a safe harbor provision in regard to N.J.S.A. 2A:15-59.1. The undersigned submits this was done intentionally.

14. In other aspects of the matter Defendants' counsel has acted in a Rambo-like manner. For instance, he has threatened sanctions against the undersigned because he claimed the tenant cannot be responsible for landlord violations, notwithstanding the clear precedent of Botosan v. Fitzhugh, 13 F. Supp. 2d 1047 (S.D. Cal. 1998).

15. Defendants' counsel has also attempted to conduct discovery, notwithstanding it is premature.

16. Defendants' counsel holds himself out to the public that he is a tough personal injury attorney. Quoting from his website (see Att. 3):

"John Dooley brought Sunoco t its knees";

"John was a miracle worker..";

"I made more money with John and Bill then I did in my entire career."

3

      The undersigned submits that the testimonials are violations of the N.J. Committee on Attorney Advertising Op.33 (May 23, 2005)

17. In any event, for a personal injury lawyer who apparently has no background in civil rights to charge $750.00 per hour is not conscionable. He provides no certification to support his rate.

18. He presents no proof that his client actually paid this amount.

19. The undersigned has been somewhat successful in civil rights cases such as <u>Moyer v. Showboat Casino Hotel, Atlantic City</u>, 56 F. Supp. 2d, 498 (D.N.J. 1999); <u>The Estate of Nicolas v. Ocean Plaza Condominiums</u>, 909 A.2d 1144 (N.J. App. 2006); <u>Caruso v. Blockbuster-Sony Music Ent. Centre</u>, 193 F.3d 730, 737-40 (3rd Cir. 1999); and <u>Village Apts. v. Novack</u>, 893 A.2d 8 (N.J. App. 2006). My billing rate is $350.00 per hour. Indeed, I am not aware of any attorney charging more than $425.00 per hour for ADA cases.

20. Defendants' application is also defective in that it is not specific in his hourly claim not providing any proof from his clients that he had any fee arrangement or paid a fee.

21. For the same reasons his associate's rate is too high.

22. The New Jersey law provides that if a corporation is reinstated, the reinstatement reflects back to the date of issuance of the proclamation revoking the certification of incorporation…and shall validate all actions taken in the interim. In light of this charge and the fact that the Court failed to give notice that the Court was converting the motion to a summary judgment, which would have given AFDA the time and opportunity to reinstate, Plaintiffs respectfully seek leave to reinstate the AFDA to the action.

4

23. In regard to the LAD Defendants were not prevailing parties on the subsequent issues of the case but on capacity. Therefore, Plaintiffs respectfully suggest that Defendants are not prevailing parties under said statute.

24. In addition, there is no bad faith in this matter but pure mistake. In addition, at all times Plaintiffs agreed to dismiss the matter.

25. If Defendants are entitled to a fee, then Plaintiffs seek the right to depose Mr. Dooley and his clients to determine the proper rate and hours.

I hereby certify that the foregoing statements made by me are true. If they are willfully false, I am subject to punishment.

DATED:  October 4, 2010         s/Anthony J. Brady, Jr.
                                ANTHONY J. BRADY, JR., ESQUIRE
                                P O Box 129, 1 Rose Avenue
                                Maple Shade, New Jersey 08052
                                (856) 662-5234
                                Attorney for Plaintiffs

## CERTIFICATION OF GREGORY LASKY

My name is Gregory Lasky and I hereby certify as follows:

1. I am a Plaintiff in the above.

2. I am also the recently installed President of the AFDA.

3. I recently found out that the AFDA was suspended from operation due to the failure to file a status report with the State of New Jersey.

4. The previous Officer who was responsible for the status of the corporation was Nicholas Pavlak of Jupiter, Florida who unfortunately has become much more disabled due to a heart condition.

5

5.  I have had the corporation reinstated and will ensure that it stays compliant with the New Jersey Department of State.

6.  I respectfully request that no attorney fees be awarded in that it has not acted in bad faith, offered to dismiss the AFDA at all stages, and been informed that it has been reinstated and that all actions taken during the suspension are valid. I must point out that the AFDA has done free work having its attorney fly to Greeneville, South Carolina to assist a disabled gentleman to secure employee without the expectation to secure a fee. It has helped an elderly woman get accommodations in an apartment; it has assisted disabled children in Florida, all without expectation of payment. I, on behalf of the disabled, have served as guardian ad litem for a Stuart Novack who suffers from paranoid schizophrenia and served on numerous matters in Camden County.

7.  The AFDA has little funds and therefore an award against it would greatly injure the activities on behalf of the disabled.

I hereby certify that the foregoing statements made by me are true. If they are willfully false, I am subject to punishment.

DATED: October 4, 2010

GREGORY LASKY (See Att. 4)

### CERTIFICATION OF DEAN RAGONE

My name is Dean Ragone and I hereby certify as follows;

1.  I am a founding member of the AFDA and respectfully request that no attorney fees be awarded against it.

2.  The AFDA does much charitable work without any expectation of payment.

6

3.  Mr. Brady on behalf of the AFDA has answered many inquiries of the disabled.

4.  He indeed helped a disabled man in South Carolina receive a job notwithstanding a severe disability.

5.  The AFDA works with the same goals as I have which I have been honored for on numerous occasions.  Att. 6.

I hereby certify that the foregoing statements made by me are true.  If they are willfully false, I am subject to punishment.

DATED:  October 4, 2010

DEAN RAGONE (see Att. 5)

## MEMORANDUM OF LAW

### LEGAL ARGUMENT 1
**DEFENDANTS ARE ESTOPPED FROM SEEKING FEES UNDER THE FRIVOLOUS LITIGATION STATUTE N.J.S.A. 2A:15-59.1 IN THAT DEFENDANTS' COUNSEL FAILED TO PROVIDE WRITTEN NOTICE AND A SAFE HARBOR OPPORTUNITY.  <u>Ferolito v. Park Hill Assoc.</u>, 975 A.2d 473 (App. Div. 2009); <u>Toll Brothers v. Township of West Windsor</u>, 918 A.2d 595 (N.J. 2007).**

It is undisputed that at any time Defendants' counsel did not give notice to Plaintiffs to withdraw its pleading.  Indeed, Defendants' counsel rejected the offer from Plaintiffs' counsel to dismiss the action.  <u>Ferolito v. Park Hill Assoc</u>., 975 A.2d 473 (App. Div. 2009), <u>Toll Brothers v. Township of West Windsor</u>, 918 A.2d 595 (N.J. 2007), cases Defendants failed to cite or discuss, the Appellate Court held that prior to an award of sanctions under N.J.S.A. 2A:15-59.1 the moving party must give a notice of the alleged violations and a request to dismiss the pleading.  In this case Defendant's motion under N.J.S.A. 2A:15-59.1 must be denied.

### LEGAL ARGUMENT 2
### ANY REQUEST FOR ATTORNEY FEES AGAINST PLAINTIFFS' COUNSEL MUST BE DENIED DUE TO DEFENDANTS' COUNSEL'S FAILURE TO COMPLY WITH THE SAFE HARBOR PROVISIONS OF NEW JERSEY COURT RULE 1:4-8 AND FED. R. CIV. P. 11.

Any request for attorney fees against Plaintiffs' counsel should be denied in that Defendants' counsel failed to give the requested notice under New Jersey Court R.1:4-8 and Fed. R. Civ. P. 11.

### LEGAL ARGUMENT 3
### IT IS RESPECTFULLY SUBMITTED THAT UNDER THE LAD DEFENDANTS ARE NOT PREVAILING PARTIES.

To be entitled to a fee shifting statute a party must obtain at best some relief on the "merits." Farrar v. Hobby, 121 L.Ed.2d 494 (1992). Indeed, the Court holding that Plaintiff AFDA has lost capacity is akin to a jurisdictional issue. There was no holding that the Defendants did not violate the LAD.

### LEGAL ARGUMENT 4
### THE PLAINTIFF AFDA HAS BEEN REINSTATED PURSUANT TO N.J.S.A. 14A:4-5 AND BY SAID STATUTE THE REINSTATEMENT RELATED BACK TO THE DATE OF THE REVOCATION AND ALL ACTIONS IN THE INTERIM SHALL BE VALIDATED. THEREFORE, IT IS RESPECTFULLY SUBMITTED AN AWARD OF ATTORNEY FEES SHOULD NOT BE AWARDED.

As is the case in many states New Jersey by statute provides that a corporation that has been suspended may be reinstated by filing the mandatory report and a fee. Most importantly, upon reinstatement there is retraction and all actions taken by said corporation are valid. N.J.S.A. 14A:4-5; 28 ALR 5th 744 and J.B. Wolfe, Inc. v. Salkind, 3 N.J. 317-318 (1949).

Therefore, it is respectfully submitted that because of the specific language of the statute allowing the validation of the complaint attorney fees should not be awarded against it.

### LEGAL ARGUMENT 5
**IT IS RESPECTFULLY SUBMITTED THAT SINCE THE COURT CONVERTED DEFENDANTS' MOTION TO A SUMMARY JUDGMENT MOTION WITHOUT THE MANDATORY NOTICE TO THE PARTY AND THAT THE AFDA HAS BEEN REINSTATED, THEN IT IS RESPECTFULLY SUBMITTED THAT ATTORNEY FEES SHOULD NOT BE AWARDED AND, IN THE ALTERNATIVE, THAT THE AFDA BE GRANTED LEAVE TO REINSTATE ITS CASE.**

The Court in granting summary judgment failed to give the necessary notice that Defendants' F.R.Civ. P. 12 motion was being converted into a summary judgment order. In re Rockefeller Ctr. Prop. Inc. Securities Regulation, 184 F.3d 280, 288 (3rd Cir. 1999); Rose v. Bartle, 871 F.2d 331, 340 (3rd Cir. 1989). If it received notice, the Plaintiffs would have taken the necessary steps to vacate the suspension with the consequence the filing of the complaint would have been valid. N.J.S.A. 14A:4-5.

### LEGAL ARGUMENT 6
**TO HOLD THAT A PARTY IS PREVAILING BECAUSE OF A SUCCESSFUL RULING IN REGARD TO CAPACITY OR STANDING WOULD HAVE ABSURD RESULTS. FOR INSTANCE, EVERY TIME A PLAINTIFF WOULD PROVE CAPACITY OR STANDING HE WOULD BE A PREVAILING PARTY, NOTWITHSTANDING IF HE WAS NOT SUCCESSFUL ON THE MERITS.**

It is respectfully submitted that a favorable decision in regard to capacity or standing would have absurd results. Specifically, it would render Plaintiff a prevailing party if it was successful in regard to capacity or standing and it would be entitled to fee shifting even if unsuccessful on the merits.

### LEGAL ARGUMENT 7
**DEFENDANTS' COUNSEL'S FEE REQUEST MUST BE REJECTED IN THAT IT DOES NOT COMPLY WITH LOCAL RULE 54.2.**

Defendants' counsel does not comply with Local Rule 54.2 which mandates: that an attorney must by affidavit comply with,

(1)    any particular novelty or difficulty about the matter;

  (2)  a record of the dates of service rendered;

  (3)  a description of the services rendered on each of such dates by each person or the firm;

  (4)  the time spent in the rendering of each of said service;

  (5)  the normal billing rate…the time spent by each individual performance service shall toll at the end of the affidavit.

  (b)  Affidavit: Fee Agreement.  Application for the allowing of counsel fees shall include an affidavit describing all fee agreements and setting forth both the amount billed to the client for fees and disbursement and the amount paid.

The failure to comply with the above mandate denies the application.  <u>Remis By Trude v. NJ Dept. Human Services</u>, 815 F. Supp. 141 (D.N.J. 1993).  Defendants have failed to comply with any of the above.

## LEGAL ARGUMENT 8
**DEFENDANTS' APPLICATION FOR ATTORNEY FEES SHOULD BE DENIED IN FULL IN NOT ALERTING THE COURT TO THE BINDING PRECEDENT OF <u>Toll Brothers v. Township of West Windsor</u>, 918 A.2d 595 (N.J. 2007), WHICH MANDATES THAT PRIOR TO SEEKING SANCTIONS UNDER N.J.S.A. 15:59-1 THAT A PARTY MUST PROVIDE A SAFE HARBOR NOTICE.  IT IS RESPECTFULLY SUBMITTED THAT THE FAILURE TO DO SO IS IN BAD FAITH AND IN VIOLATION OF COUNSEL'S ETHICS.**

It is respectfully submitted that due to Defendants' counsel's failure to cite the binding precedent of <u>Toll Brothers v. Township of West Windsor</u>, 918 A.2d 595 (N.J. 2007), which requires a party to give a safe harbor notice prior to seeking fees, that all other fees should be denied, especially in light of the manner that Defendants' counsel holds himself out to the public. It is respectfully suggested that Defendants' counsel's omissions were intentional.

## LEGAL ARGUMENT 9
**EQUITY IS IN THE FAVOR OF PLAINTIFFS BECAUSE OF THE ACTIONS OF DEFENDANTS.**

It is respectfully submitted that equity holds in favor of Plaintiffs due to the actions of the Defendants.

First, prior to filing its motion to dismiss Defendants' counsel failed to respond to the undersigned's telephone calls to discuss the case. If Defendants' counsel had responded, then there would have been no need for this motion in that the undersigned would have dismissed the claim. However, if an early dismissal was reached, then counsel would not have changed his clients' exorbitant fee.

At all times Defendants' counsel has declined to engage in any negotiations to resolve the case. Again, this failure just leads to increased fees.

Perhaps this is his method of proving his toughness. As he provides to the public on his website the following testimonials:

"John is touch as nails…"

"John Dooley is a great lawyer …"

"John Dooley brought Sunoco to its knees…"

"John was a miracle worker…"

"I made more money with John and Bill then I did in my entire career."

Based on obvious violations of N.J. Committee on Attorney Advertising Op.33 (May 23, 2005), this attitude just leads to unnecessary litigation.

Defendants did not disclose to the Court the binding case of <u>Toll Brothers, Inc. v. Tp. Of West Windsor</u>, 918 A.2d 595 (N.J. 2007) mandates the safe harbor of N.J. R.1:4-8 application of N.J.S.A. 2A: 15-59.1. In that Attorney Dooley by his own advertising as a lay graduate with high honors and charges $750.00 per hour, this omission is intentional and a violation of R.P.C. 3.3(3).

11

The $750.00 rate charged by Defendants' counsel is unconscionable and well about the market rate for said services.  Such an unreasonable fee may be set aside.  Matter of Barbour, 109 N.J. 143 (1988) and Obertelli v. Freeman, 142 N.J. Eq 240 (1948) and R.P.C. 1.5(c).

Defendants' counsel continues to refuse to negotiate any aspects of the case.  Indeed, counsel has attempted to engage in detailed discovery in violation of F.R. Civ. P. 26.

### LEGAL ARGUMENT 10
### AS PREVIOUSLY ARGUED DEFENDANTS, AS A MATTER OF LAW, VIOLATED MS. ABBOTT'S CIVIL RIGHTS AS THE POLICE REPORT INDICATES.  THEREFORE, DEFENDANTS DO NOT ENTER THIS CASE WITH CLEAN HANDS AND AT A MINIMUM ANY FEE DECISION SHOULD BE HELD IN ABEYANCE UNTIL ALL ISSUES ARE RESOLVED.

It is respectfully submitted that since Defendants has in all likelihood has violated civil rights laws, Defendants do not have clean hands and any decision on attorney fees should be stayed until all issues are resolved.

### LEGAL ARGUMENT 11
### IN REGARD TO THE LAD ATTORNEY FEE REQUEST THE PLAINTIFF AFDA DID NOT ACT IN BAD FAITH AND SOON AFTER REALIZING ITS MISTAKE TO REINSTITUTE THE CORPORATION OFFERED TO DISMISS THE MATTER; THEREFORE, ATTORNEY FEES SHOULD NOT BE AWARDED.  Veneziano v. Long Island Pipe Fabrication and Supply Co., 238 F. Supp. 2d 683, 691, 692 (D.N.J. 2002).

In regard to the LAD attorney request the Plaintiff AFDA did not act in bad faith and soon after realizing its mistake to reinstitute the corporation offered to dismiss the matter; therefore, attorney fees should not be awarded.  Veneziano v. Long Island Pipe Fabrication and Supply Co., 238 F. Supp. 2d 683, 691, 692 (D.N.J. 2002).

**LEGAL ARGUMENT 12**
**IF THE COURT, AS A MATTER OF LAW, DECIDES THAT DEFENDANTS ARE ENTITLED TO A FEE, PLAINTIFFS RESPECTFULLY REQUEST DISCOVERY INCLUDING THE DEPOSITION OF DEFENDANTS' COUNSEL IN ORDER TO ASCERTAIN THE RATE CHARGED AND THE AMOUNT OF ACTUAL HOURS.**

It is respectfully requested that if as a matter of law it is determined that Defendants are entitled to a fee then Plaintiffs would like to depose Defendants' counsel and his client in regard to the hours spent and the rate charged.

## CONCLUSION

It is respectfully submitted that for the above reasons Defendants' motion for attorney fees and costs should be denied.

Respectfully submitted,

DATED:  October 4, 2010          s/Anthony J. Brady, Jr.
                                 ANTHONY J. BRADY, JR., ESQUIRE
                                 P O Box 129, 1 Rose Avenue
                                 Maple Shade, New Jersey 08052
                                 (856) 662-5234
                                 Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

      A courtesy copy of said document has been sent on October 4, 2010 by U.S. Mail to the Honorable Jerome B. Simandle, U.S.D.J. and the Honorable Ann Marie Donio, U.S.M.J. at the Mitchell H. Cohen Federal Courthouse in Camden, New Jersey and a copy by U.S. Mail to John T. Dooley, Esquire, The Dooley Building, 5434 King Avenue @ Route 38 East, Suite 202, Pennsauken, New Jersey 08109-1197.

      I hereby certify that the foregoing statements made by me are true. I am aware that if they are willfully false, I am subject to punishment.

      By:    s/Anthony J. Brady, Jr.
                 ANTHONY J. BRADY, JR,ESQUIRE