UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-60114-CIV-HUCK/O'SULLIVAN

NOLAN R. CAMPBELL,

    Plaintiff,

vs.

WINGS PLUS OF CORAL SPRINGS, INC. *d/b/a* WINGS PLUS, a Florida corporation, *and* MSKP RAMBLEWOOD SQUARE, LLC, a foreign profit corporation,

    Defendants.
_____/

**CLOSED CIVIL CASE**

## FINAL ORDER APPROVING SETTLEMENT AGREEMENT, ENTERING CONSENT DECREE AND DISMISSING CASE

This matter is before the Court on the Stipulation for Dismissal With Prejudice (D.E. # 27), indicating that a confidential Settlement Agreement has been reached with Defendant MSKP Ramblewood Square, LLC, and the Stipulation for Approval and Entry of Consent Decree and Dismissal of Case With Prejudice (D.E. # 28), requesting entry of a Consent Decree against Defendant Wings Plus of Coral Springs, Inc. The Court has reviewed the pleadings, record, Settlement Agreement and Consent Decree. Accordingly, it is hereby

ORDERED and ADJUDGED that the Settlement Agreement is APPROVED, the Consent Decree (appended hereto) ENTERED, and the case DISMISSED with prejudice. The Court shall retain jurisdiction until February 19, 2011 to enforce the terms of the Settlement Agreement and Consent Decree. The Clerk of Court shall CLOSE the case. All pending motions are DENIED as moot.

DONE AND ORDERED in Chambers, Miami, Florida, August 9, 2010.

                                                                          PAUL C. HUCK
                                                                          UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60114-CIV- Huck/O'Sullivan

NOLAN R. CAMPBELL,

    Plaintiff,

vs.

WINGS PLUS OF CORAL SPRINGS, INC.
d/b/a WINGS PLUS,
a Florida corporation,
and MSKP RAMBLEWOOD SQUARE, LLC,
a foreign profit corporation,

    Defendants.
_____/

## CONSENT DECREE

This Consent Decree (hereinafter, the "Agreement') is entered into by and between Plaintiff, NOLAN R. CAMPBELL, (hereinafter the "Plaintiff') and Defendant, WINGS PLUS OF CORAL SPRINGS, INC. d/b/a WINGS PLUS, a Florida corporation (hereinafter, collectively known as the "Defendant") (all parties hereinafter collectively referred to as the "Parties"). This Agreement shall be effective on the date that its execution is completed by all Parties (hereinafter, the "Effective Date").

    WHEREAS, the Plaintiff had filed a civil action styled NOLAN R. CAMPBELL *(hereinafter, the "Plaintiff") and Defendant,* WINGS PLUS OF CORAL SPRINGS, INC. *d/b/a* WINGS PLUS, *a Florida corporation,* in the United States District Court for the Southern District of Florida, Case No. **10-60114-CIV- Huck/O'Sullivan** (hereinafter, the "Action") claiming violations/architectural barriers of Title III of the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. §§12181 et seq., at the restaurant commonly referred to as WINGS PLUS located at 1235 North University Drive Coral Springs, Florida 33071 (hereinafter, the "Property");

    WHEREAS, Defendant, WINGS PLUS OF CORAL SPRINGS, INC., a Florida company, owns and manages a restaurant generally known as WINGS PLUS, located in the Southern District of Florida at 1235 North University Drive Coral Springs, Florida 33071, Florida, which restaurant and structure are therefore a place of public accommodation as defined

in 42 U.S.C. §12181 (7) (A) of the Americans With Disabilities Act, 42 U.S.C. Section 12181, *et. seq.* hereafter sometimes referred to as the "ADA." The structure was constructed prior to the effective date of Title III of the ADA, therefore Defendant is required to comply with the requirements of 42 U.S.C. §12182 (b) (2) (A) (iv) and 28 CFR 36.304 by removing, where readily achievable and technically feasible, architectural barriers and communications barriers architectural in nature to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the structures and facilities which are public accommodations by persons who are disabled as defined by the ADA.

WHEREAS, Plaintiff, NOLAN R. CAMPBELL, is a disabled person as defined by the ADA, who filed this action against Defendants for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. Section 12181, *et seq,* at the above described restaurant, pursuant to which Plaintiff sought a permanent injunction compelling Defendant's compliance with the described barrier removal requirements of the ADA, together with attorney's fees, litigation expenses and costs.

WHEREAS, the Defendant has denied any and all liability and wrongdoing with respect to the Plaintiff's claims in this Action, but seeks settlement in this Action;

WHEREAS, in order desire to avoid further expense, time, effort and uncertainty with regard to this litigation; and finally resolve all claims and disputes between them regarding the foregoing matters, and without making any admission of discrimination against Plaintiff or any other persons or entities, by the Defendant; subject to the terms of this Consent Decree, the Plaintiff and the Defendant has agreed to settle this Action and resolve any and all disputes between them;

WHEREAS, In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court's entry of an Order Approving and Entering the Consent Decree.

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of this Action:

Recitals: The Parties acknowledge that all of the "WHEREAS" clauses preceding paragraphs are incorporated as material parts of this Agreement.

I. **No Admission of Liability:** The Plaintiff agrees and acknowledges that this Agreement (including any of its discrete sub-parts) is not and shall not be construed as an admission by the Defendant (or any person or entity acting on their behalf) of any liability or any act or wrongdoing whatsoever, including without limitation, any violation of (1) any federal, state or local law, statute, regulation, code or ordinance; or (2) of any legal, common law or equitable duty owed by the Defendant to anyone.

II. **Settlement Amount:** The Defendant has agreed to pay the total sum of $1,000 (One Thousand Dollars) as settlement of all Plaintiffs attorneys fees, court costs, and expenses. A

Page 2 of 8

          trust or cashiers check shall be delivered to Plaintiffs counsel's office within 10 calendar days of the Effective Date. Upon receipt of the aforementioned payment from the Defendant, the Parties hereby agree that Plaintiffs counsel shall electronically file a "Stipulation For Dismissal With Prejudice" of this entire Action, on behalf of all counsel, with the Court. Time is of the essence for this paragraph.

III. **Release:** Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, the Plaintiff hereby remises, releases, acquits, satisfies, and discharges the Defendant from this Action, ADA related causes of action, and suits which the Plaintiff ever had and/or now has against the Defendant from the beginning of the world to the Effective Date of this Agreement. All Parties shall bear their own costs, attorneys fees, and expenses, other than those specified in this Agreement, and all Parties agree, except as mentioned in Paragraph 3 above, not to file any further motions, of any kind, in this matter. This Agreement satisfies and incorporates all claims of Plaintiff arising out of the facts alleged in the complaint, including any claims for money damages, and for relief under the Florida Accessibility Code, Florida Building Code and any other applicable Florida, county or municipal civil rights or anti-discrimination statutes and ordinances. Plaintiff acknowledges that he has suffered no physical injuries as a result of any actions of the Defendant alleged in the complaint in this cause. This agreement is final and *res judicata* as to the named parties only and does not constitute a finding or judgment that the Defendant is or has been in violation of the Americans With Disabilities Act, 42 U.S.C. Section 12181, *et. seq.* or has discriminated against Plaintiff or any other parties whomsoever. This provision is limited to this Subject Property.

IV. **Readily Achievable Standard:** The Parties agree that the Property is subject to the ADA's "readily achievable" standard, and thus, all alterations and/or modifications required by this Agreement need only satisfy that standard. To the extent that this Agreement references specific ADAAG code sections, these references are solely for guidance where readily achievable.

V. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

VI. **Governing Law and Jurisdiction:** This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida. The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively with the United States District for the Southern District of Florida, or, if that court refuses jurisdiction, in any court of competent jurisdiction in Broward County, Florida.

VII. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties respective counsel, and shall not be construed against the "drafter" of the Agreement.

VIII. **Modification of Agreement:** This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

IX. **Entire Agreement:** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

X. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

XI. **Signatures in Counterparts:** This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same affect as if all Parties had the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

XII. **Authority:** Each party represents that each person, or authorized attorney, executing this Agreement on its (or his/her) behalf has been authorized to sign on behalf of the respective party and to bind it (or him/her) to the terms of this Agreement and that the respective Parties have the power and authority to perform their respective obligations as provided by this Agreement, and shall fully bind the Defendant to all of the terms and obligations of this Agreement.

XIII. **Property Modifications:** Defendant will within the time period specified below perform the following work, alterations, remediations, and improvements to the subject premises and Plaintiff agrees that same will place the Defendant's facility in compliance with the readily achievable removal of barriers requirement of the ADA:

   a. Informational signage that assistance to the disabled is available will be posted at front entrance, counters, and restrooms;

   b. Present and future staff will be instructed and trained that they shall, if necessary assist the disabled in carrying trays to tables, which tables are handicap accessible, maneuvering through restaurant, to read menus to the blind; and to admit service animals.

   c. Install signage at interior front hostess stand directing people with disabilities that assistance to the disabled is available and that a pull out tray is available;

   d. Men's restroom:
      i. Informational signage shall be posted on stall door indicating accessible stall that complies with 28 C.F.R. part 36, Section 4.1.2(7)(d);

   e. Female's restroom:
      i. Repair broken tile in front of sink so that it is an even level surface;

        ii. Informational signage shall be posted on stall door indicating accessible stall that complies with 28 C.F.R. part 36, Section 4.1.2(7)(d);

    f. Repair sweep period at main entrance door to ensure compliance with ADA 28 C.F.R. part 36, Section *4.13.10;*

    g. All of the above will be maintained in compliance with ADA requirements.

    h. Any other changes would not be readily achievable.

XIV. **Conditions:** It is understood that the work to be done under this agreement or certain parts thereof may require submission to City or County Building Departments to obtain building permits; and all work performed thereunder is subject to permitting, inspection and approval by such government agencies and must comply with all applicable local building and zoning, fire and safety codes. Reasonable Deviations from the above described work to conform to building, zoning, fire, safety or other government requirements or regulations, or conditions discovered after work has begun, shall be permitted, providing same does not result in placing the property in non-compliance with the ADA and **written notice** of the deviation and its grounds shall be given to Plaintiff's Counsel.

XV. **Time period**: The Defendant shall have up to six (6) months from the Effective Date of this Agreement to complete said alterations and modifications required herewith, subject only to delays necessitated by acts of *God, force majeure,* or events beyond the control of Defendant (such as inability to obtain building or zoning permits, failure of the city or county inspectors to make inspections, contractor defaults, work stoppages, etc.), in which event the time periods for completion established hereby shall be extended appropriately, provided written notice of the delay and its grounds have been given to Plaintiff's Counsel.

XVI. Upon completion of the work specified herein, Defendant shall give written notice to Plaintiff's counsel. Plaintiff's representatives shall be provided reasonable access to the subject premises to verify completion of the above referred-to work.

XVII. **Maintenance:** The Defendant shall maintain in operable condition and in compliance with the ADA and regulations created thereunder, all facilities described herein, or required to be in compliance with the ADA save only reasonable interruptions for repair or replacement. All future new construction or alterations to the Facility (which shall not include the alterations and modifications provided for herein) shall comply with Title III of the ADA and the implementing regulations and standards in effect at the time of the new construction or alterations. However, Defendant shall not be in default of this provision in situations where there are isolated or temporary interruptions in service or access due to maintenance or repairs.

XVIII. **Jurisdiction:** The Court shall retain jurisdiction over the parties to enforce compliance with

the terms hereof. Plaintiffs shall have the right to seek enforcement this judgment and in doing so will be entitled to such attorney fees and litigation expenses as are provided by law.

XIX. **Enforcement:** In the event Defendant shall fail to comply with the terms of this agreement in the time periods ordered, the Plaintiff shall be entitled, upon the below notice to Defendant, to apply for further relief from the court, in which event the Plaintiff shall be entitled to payment of their attorney's fees and litigation expenses incurred as are provided by law. The Plaintiff shall provide the Defendant with 15 days notice of the perceived non-compliance, and the Defendant shall then have fifteen days in which to cure the non-compliance. "Notice" shall be by delivery of written notice to Counsel for the parties at the addresses below.

XX. **Notice:** Any notice, correspondence, payment or other communication contemplated by or connected with this Stipulation for Settlement shall be directed as follows:

(a) If to Defendant WINGS PLUS OF CORAL SPRINGS, INC.

>Law Offices of Anthony Brady Jr.
>1 Rose Ave
>Maple Shade, New Jersey 080523317
>Telephone (856) 662-5234
>Facsimile (856) 541-1966
>E-mail: ladbrady@gmail.com

(b) If to Plaintiff:

>The Shemtov Law Firm, P.A.
>9715 West Broward Blvd. #256
>Plantation, Florida 33324
>Telephone (954) 861-9787
>Facsimile (954) 236-3530
>E-mail: shemtovlawfirm@yahoo.com

XXI. **No Construction Against Drafting Party:** Each Party to this Agreement expressly recognizes that it results from a negotiation process in which each Party was represented by legal counsel and contributed to the drafting of this Agreement. Given this fact, no legal or other presumptions against any Party drafting this Agreement concerning its construction or interpretation shall accrue to the benefit of any Party to this Agreement, and each Party expressly waives the right to assert any such presumption in any proceeding or disputes connected with, arising out of, or involving this Agreement.

XXII. The Defendant are advised that under certain circumstances, a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code).

XXIII. **Partial Invalidity:** If any provision of this Agreement is declared by any court of competent jurisdiction to be invalid for any reason, such invalidity shall not affect the remaining portions. On the contrary, such remaining portions shall be fully severable, and this Agreement shall be construed and enforced as if such invalid provisions were deleted.

XXIV. **Signing of Agreement:** The undersigned agree that they have read this Agreement (consisting of Eight (8) pages including signature blocks excluding attachments) prior to signing, and expressly acknowledge and warrant that they fully understand all of the provisions thereof. Furthermore, the Parties warrant that they are voluntarily entering into the Agreement of their own free will and without coercion or inducement, intending to be governed thereby, and that they have had an opportunity to consult with legal counsel concerning this Agreement.

XXV. The parties acknowledge that the Plaintiff and Co-Defendant MSKP Ramblewood Square, LLC have settled by separate confidential agreement.

[SIGNATURES FOLLOW ON THE NEXT PAGE]

Agreed to this ___ day of August, 2010,
by all the undersigned parties:

Plaintiff:

_____
NOLAN R. CAMPBELL

Dated: 8-2-10

Defendant: WINGS PLUS OF CORAL SPRINGS, INC.

By: _____

Its: PRESIDENT

Dated: 08/06/10

SO, ORDERED:

_____
HONORABLE PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2010