LAW OFFICES OF JOHN T. DOOLEY, LLC
By:     John T. Dooley, Esquire
5434 King Avenue @ Route 38 East
Suite 202
Pennsauken, NJ   08109
856-488-9010
856-488-9019 FAX
Email: jtd@dooleylaw.net
Attorneys for Defendants, Tacconelli's Pizzeria, LLC and
Vincent Tacconelli

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHONDA ABBOTT,<br>GREGORY LASKY<br><br><div align=right>Plaintiffs</div><br>vs.<br><br>TACCONELLI'S PIZZERIA, LLC,<br>VINCENT TACCONELLI,    and<br>BEST PROPERTIES<br>JOHN DOE(S) fictitious names of<br>Defendants A – Z<br><div align=right>Defendants</div> | :<br>:<br>:   Civil Action No.: 1:10-cv-01901-JBS-AMD<br>:<br>:<br>:<br>: RESPONSE OF DEFENDANTS TO THE<br>: BRIEF OF PLAINTIFF'S IN OPPOSITION TO<br>: DEFENDANTS MOTION FOR ATTORNEY'S<br>: FEES AND COSTS<br>:<br>:<br>: |

Defendants, Tacconelli's Pizzeria, LLC and Vincent Tacconelli, by and through their attorneys, Law Office of John T. Dooley, LLC., hereby respond to opposition to the certification of Anthony J. Brady, Jr:

1.      Admitted.

2.      Denied.   Specifically denied that Mr. Brady "mistakenly" brought suit with Plaintiff AFDA while it was suspended at the time of filing.   To the contrary, the certificate of incorporation for AFDA was revoked on **August 16, 2008** for failure to file an annual report with the state of New Jersey.

This identical defense was raised by Defendant Camden County in another lawsuit filed by Plaintiff AFDA in the matter of <u>Gregory Lasky and AFDA v. County of Camden and City of Camden</u>, Civil Action Number 09-04338-RBK-KMW.

On September 17, 2009, defendant Camden County filed a supplemental brief raising this same defense against Plaintiff AFDA in that action.  On September 28, 2009, AFDA filed a stipulation of dismissal, signed by all parties, dismissing voluntarily its suit against Defendants in that case before a ruling could be made on defendant's motion to dismiss by the Honorable Judge Robert B. Kugler.  Effective August 16, 2008 its incorporation was revoked.  See Exhibit "A."

Plaintiff AFDA, as a non-profit corporation, through its attorney, Anthony J. Brady, Esquire has pleaded in the Complaint that it is seeking damages, including attorney fees and costs of suit.  Plaintiff AFDA's registered agent is Anthony J. Brady, Jr., Esquire, the same attorney who is representing AFDA as a Plaintiff in this suit.  Mr. Brady is seeking his attorney fees, and increasing costs of litigation in this action, despite prior knowledge that AFDA had been dissolved and had no standing to bring this action against moving defendants.

3.     Denied.  It is specifically denied that Mr. Brady has made a negligent mistake without any maliciousness or bad faith.  To the contrary, Mr. Brady has filed **eleven (11) separate law suits** on behalf of the AFDA after its certificate of incorporation was revoked on August 16, 2008.   Mr. Brady filed four (4) separate lawsuits on behalf of the AFDA after the identical defense was raised by Camden County in the matter of <u>Gregory Lasky and AFDA v. County of Camden and City of Camden</u>, Civil Action Number 09-04338-RBK-KMW.

Even more egregiously was that on June 17, 2010 the Tacconelli defendants filed a Motion to Dismiss based on the same defense that the AFDA had its certificate of incorporation revoked

and what did Mr. Brady do in response: **HE FILED ANOTHER LAWSUIT ON BEHALF OF THE AFDA ON JULY 26, 2010 AGAINST BIG TACO PROPERTIES, LP IN BAD FAITH**. (A copy of the cases filed by Mr. Lasky filed on behalf of the AFDA are attached hereto as Exhibit "B").

4.      Denied.  For the reasons previously set forth above, that prosecution of this case on behalf of the AFDA against the Tacconelli Defendants was done malice and in bad faith.

5.      Denied.  It is specifically denied that the owner of Tacconelli's Pizzeria, was extremely abrasive or nasty to Ms. Abbott.  In any event, that has nothing to do with Mr. Brady filing repeated lawsuits on behalf of the AFDA which was not in existence.

6.      Denied.

7.      Denied.  The maliciousness and bad faith that Mr. Brady has set forth is contained in paragraph seven (7) of his motion.  Mr. Brady indicates "at any time that a defendant requests a dismissal of the AFDA, I will consent due to the fact that organization only has standing if an individual member also has standing." By his own admission, Mr. Brady continues to file lawsuits on behalf of the AFDA even though they are not in existence and will consent to a dismissal only if defendants spend time and money to research "the corporate existence" issue and then have to waste the courts time and money with numerous pleadings to have a defendant dismissed in a lawsuit that should have never been filed on behalf of the AFDA.

It also raises the question if a defendant fails to request a dismissal of the AFDA, does Mr. Brady continue to force defendants to pay settlements to the AFDA even though they were not in existence and he should have never filed a lawsuit on behalf of the AFDA since its license was revoked on August 16, 2008.

8.      Admitted in part; Denied in part.  It is admitted that Mr. Brady failed to study the capacity issue in the City of Camden case.  However, after agreeing to dismiss the claims of the AFDA in the City of Camden case, Mr. Brady in bad faith filed claims on behalf of the AFDA in Abbot v. Tacconelli Pizzeria, LLC on April 14, 2010, in Lasky, et al v. Inn of Lake City, Inc. on May 28, 2010 and in Lasky, et al v. Big Taco Properties, L.P. on July 26, 2010.  There is no excuse for an attorney to knowingly, intentionally and in bad faith file lawsuits on behalf of a client that does not exist.  Lasky v. City of Atlantic City on October 23, 2009 and coercing defendants to settle claims on behalf of a nonexistent entity.

9.      Neither Admitted nor Denied.    However, Mr. Brady was required to study corporate law before filing a lawsuit against the Tacconelli defendants.

10.      Denied.   With all due respect to Mr. Brady, based on numerous filings on behalf of the AFDA without any factual or legal basis, Defendants must deny that he "always" attempted to act ethical and not create unnecessary litigation.

11.      Denied.   Mr. Brady should not be able to blame counsel for Defendants with repeated violations.  In the opinion dated August 24, 2010, (Document 6) this Honorable Court concluded that the policy of Attorney Brady "consenting to a dismissal of AFDA… has been the general policy for many years."   (Pl. OPP'N ¶ 9) "Such a 'policy' is unsatisfactory and provides cold comfort to the Defendants after AFDA has improperly sued for monetary and injunctive relief."

12.      Denied as stated.  To the contrary, counsel for the Defendants spoke with Mr. Brady on or about July 8, 2010 requesting that the entire lawsuit, including the claims of the AFDA be withdrawn or dismissed.   More importantly, a federal court should not even entertain with an opposition on behalf of the AFDA which this court correctly pointed out in the opinion

4

dated August 24, 2010 (Document 6) that "as a party without capacity to sue, AFDA should not be heard to invoke the provisions of R.1: 4-8, F.R.C.P.11, N.J.S.A. 2A: 15-59.1 while lacking the ability to invoke the powers of a court in the first place. (Opinion Document 6 at page 18).

By way of further answer, there is absolutely "no disposition" or "safe harbor provision" contained in the New Jersey Law Against Discrimination, N.J.S.A. 10:5-27.1. The NJLAD allows "the prevailing party to recover reasonable attorney's fees as part of the cost, provided however, no attorney's fees shall be awarded to the respondent unless there is a determination that the complainant brought the charge in bad faith."

In addition, reliance by the AFDA and Mr. Brady upon Toll Brothers v. Township of West Windsor, 918 A.2d. 595 (N.J. 2007) is factually and legally distinguishable for the present case. Regardless, "a litigant moving for counsel fees and costs pursuant to N.J.S.A 2A:15-59.1 is required to comply with R.1:4-8(b)(1)'s safe harbor provision, "T[o] the extent practicable". R.1:4-8(f); id. 918 A2d at 600.

In the present case, it was not practicable for Defendants to provide the AFDA and Mr. Brady with to the procedural "safe harbor" of 28 days. This Honorable Court issued its Order and Opinion on August 24, 2010 (Documents 7 and 6 respectfully).

In the present case, Defendant, Tacconelli Pizzeria, LLC was not considered a "prevailing party" until the honorable court entered its Order and Opinion on August 24, 2010. Once that occurs, R.1:4-8 requires motions must be filed no later than twenty days from the entry of judgment. In addition, motions for costs and attorney's fees pursuant to N.J.S.A 2 A:15-59.1 must be filed either before the entry of judgment or possibly, **at the latest**, within ten days thereafter by a Motion to Alter or Amend Judgment. In the matter of Farnkopf, 833 A.2d. 89, 98 (App. Div. 2003). Therefore, there are various statutes and rules that the prevailing party

must comply with so Tacconelli defendants cautiously erred in favor of filing its motions within ten days of this Court's Order and Opinion.    In any event, New Jersey Law Against Discrimination does not require notice under N.J.S.A.10: 5-27.1 for prevailing party to recover fees and costs.

Finally, pursuant to N.J.S.A 2:15-59.1(b)(1) the legislature has determined that the pleading of a non- prevailing person is frivolous if it was commenced, used or continued in bad faith...or the non prevailing person "knew, or should have known" that the pleading "was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law".  N.J.S.A 2; 15-59.1(b)(2). In the present case, there can be no doubt that the eleven (11) separate lawsuits filed on behalf of the AFDA by attorney Brady and specifically the four (4) that were filed after attorney Brady was put on notice in the City of Camden case referenced in the preceding paragraph constitutes bad faith.

13.    Denied. See response to paragraph twelve (12) above.

14.     Denied.  To the contrary, counsel for Defendants, as previously and is now in this reply brief, specifically providing attorney Brady and all his clients with the procedural "safe harbor" Notice respectfully requesting him to withdraw within 28 days of service of this written demand that the claims of plaintiff Lasky are frivolous and should be withdrawn.  As has been repeatedly pointed out to attorney Brady, Tacconelli defendants do not own, control or have any responsibility for the parking lot, handicap parking places and/or snow removal duties located in the common areas in the property in question.  Mr. Brady reliance upon Botsan v. Fitzhugh, 13 F. Supp. 2d 1047 (S.D. Cal 1998) is misplaced and is factually and legally distinguishable from the facts of the present case.

In Botsan, plaintiff who was a paraplegic required the use of a wheelchair at all times visited a real estate office and discovered that the office **did not provide handicap parking**. Id. 13 F. Supp. 2d 1047; 216 F.3d 827 (9th Cir. 2000).  Id. 216 F3d at 829 (emphasis added).  In Botsan, the real estate office had no handicap parking available at all while in the present case, Attorney Brady and Mr. Lasky are claiming that there was handicap parking but it was obstructed by snow.

However, the 9th Circuit Court of Appeals specifically relying upon Independent Living Resources v. Oregon Arena Corp., 982 F. Supp. 698, 767 (D. Or. 1997), supplemented by 1 F. Supp. 2d 1159 (D. Or. 1998) held that a landlord, **rather than the tenant**, is responsible for ADA compliance in common areas.  Id. 216 F.3d at 833.

15.   Denied as stated. Both plaintiff's counsel and defense counsel attempted to conduct discovery in order to try and settle this case early on, but attorney Brady refused citing to the Federal Rules of Civil Procedure which prevents discovery before the Rule 16 Conference.

16.   Objection.   The allegations in paragraph 16 have nothing to do with the issues presently before this Honorable Court.

However, the NJ Committee on attorney advertising Op. 33 written on May 23, 2005 is no longer in effect.  See In re Opinion 39 of the Committee on Attorney Advertising, 961 A.2d 722 (N.J. 2008).  The Supreme Court of New Jersey was persuaded that the standard set forth in Rules of Professional Conduct require review and, at least in respect to R.P.C. 7.1(a)(3), modification both because of the constitutional concerns identified in the Report and in light of emerging trends in attorney advertising.   In essence, the Supreme Court of New Jersey followed the Opinion by the United States Supreme Court in Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, that provided "advertising by attorneys [is] a form of commercial speech

protected by the First Amendment and may not be subject to blanket suppression". <u>Id</u>. 197 N.J. at 71.

17.     Denied.  Contrary to the assertions of Mr. Brady, since opening my law firm in 2005, I have tried numerous cases to verdict and settled many other cases for total recovery on behalf of my numerous clients in the amount of approximately 35 million dollars.   I graduated from Widener University School of Law with honors in 1993, obtained a Masters Degree in Trial Advocacy from Temple University – James E. Beasley School of Law in 2003.  I am a member of the Million Dollar Advocates Forum which limits membership to trial attorneys who have demonstrated exceptional skill experience and excellence in advocacy in achieving trial verdicts, awards or settlements in the amount of $1 million dollars or more.   I have taught trial advocacy at the I.T.A.P. Program at Widener University School of Law.   I have lectured other attorneys on various topics.

18.     Objection.   This objection is based on the attorney-client privilege.  Without waiving said objection, Vincent Tacconelli has agreed to pay John T. Dooley, Esquire $750 per hour and John A. Mattiacci, Jr., Esquire $325 per hour.

19.     Neither Admitted nor Denied.

20.     Objection.  Denied.   See response to paragraph 18 above.

21.      Denied.  Reasons set forth above, the hourly rate of Mr. Dooley as well as his associate, John A. Mattiacci, Jr., is not too high.  If both attorneys' were not handling this case on behalf of the Tacconelli defendants, each attorney would be working on other files in the Law Office of John T. Dooley, LLC.  Based on the results obtained the hourly rates of both attorneys are appropriate.

22.     Denied.  This is a conclusion of law and not an assertion of fact to which no response is required pursuant to the Federal Rules of Civil Procedure.

23.     Denied.  This is a conclusion of law and not an assertion of fact to which no response is required pursuant to the Federal Rules of Civil Procedure.  By way of further answer, Plaintiff and its attorney provide no legal basis or authority for Defendants or this Court to consider.

24.     Denied.  For the reasons set forth above and for the reasons set forth in the Opinion by this Honorable Court, the actions by attorney Brady were in bad faith and not merely a mistake.   The AFDA and Attorney Brady "knew or should have known" that the pleading was without any reasonable basis in law or equity at least by September 17, 2009 when Camden County raised the defense approximately six months before attorney Brady filed the Complaint in the present case.

25.     Admitted in part; Denied in part. It is admitted only that defendants are entitled to a fee.  It is specifically denied that plaintiffs have the right to depose Mr. Dooley and his clients to determine the proper rates and hours.

Attorney Brady fails to provide counsel for defendants and this Honorable Court any legal authority to support his position that he is entitled to a deposition to determine the proper rate and hours.  To the contrary, a detailed summary of the work performed on behalf of the Tacconelli Defendants by John T. Dooley, Esquire and John A. Mattiacci, Jr., Esquire is attached hereto as Exhibit "C".  Counsel has bolded the items that apply to Plaintiff AFDA.

A Court is not obligated to research and construct a party's legal arguments.  See <u>Sanchez v. Miller</u>, 792 F.2d 694, 703 (7th Cir. 1986).   Moreover, arguments mentioned in passing, but not directly argued with legal citations will be deemed waived.  <u>Pa Dept. of Pub. Welfare v. United States HHS</u>, 101 F.3d 939, 945 (3rd Cir. 1996).

I hereby certify that the foregoing statements made by me are true.  If they are willfully false I realize that I am subject to punishment.

*LAW OFFICES OF JOHN T. DOOLEY, LLC*

Dated: October 18, 2010          BY:  _____
                                                 John T. Dooley, Esquire
                                                 John A. Mattiacci, Jr., Esquire
                                                 Attorneys for Defendants,
                                                 Tacconelli's Pizzeria, LLC and Vincent Tacconelli

## RESPONSE TO CERTIFICATION OF GREGORY LASKY:

Defendants, Tacconelli's Pizzeria, LLC and Vincent Tacconelli, by and through their attorneys, Law Office of John T. Dooley, LLC., hereby respond to opposition to the certification of Gregory Lasky:

1.      Admitted.

2.      Neither Admitted nor Denied.

3.      Admitted.

4.      Denied as stated. The business entity status report of the AFDA specifically lists Anthony J. Brady, Esquire as its Agent.  In addition to, Nicholas Pawlch, other officers, directors and members include Deion Duyis, of Barrington, New Jersey and Patricia Walton who resides at 15 West Redwood Drive, Pleasantville, New Jersey 08237.

5.      Neither Admitted nor Denied.

6.      Denied.

7.      Denied.   By way of further answer, the amount of funds the AFDA has is irrelevant.  The Tacconelli defendants little funds to defend a lawsuit that should not have been filed.  However, the actions of attorney Brady filing eleven (11) separate lawsuits on behalf of the AFDA after its certificate of incorporation had been revoked on August 16, 2008 has to be considered bad faith.  Moreover, the four (4) separate lawsuits which attorney Brady filed after the defense was raised in the Camden County case demands that attorney fees and costs be assessed.

I hereby certify that the foregoing statements made by me are true.  If they are willfully false I realize that I am subject to punishment.

                                          **LAW OFFICES OF JOHN T. DOOLEY, LLC**

Dated: October 18, 2010              BY:    _____
                                          John T. Dooley, Esquire
                                          John A. Mattiacci, Jr., Esquire
                                          Attorneys for Defendants,
                                          Tacconelli's Pizzeria, LLC and Vincent Tacconelli

## RESPONSE TO CERTIFICATION OF DEAN RAGONE:

Defendants, Tacconelli's Pizzeria, LLC and Vincent Tacconelli, by and through their attorneys, Law Office of John T. Dooley, LLC., hereby respond to opposition to the certification of Dean Ragone:

1.      Denied.   New Jersey State Business Gateway Service status report does not mention Dean Ragone as a founding member of the AFDA.  By way of further answer, attorney fees should be awarded against the AFDA.

2.      Neither Admitted nor Denied.

3.      Admitted.

4.      Objection.   Whether or not Mr. Brady helped a disabled man in South Carolina receive a job has nothing to do with the issues presently before this Court.

5.      Objection.   Roles of the AFDA have nothing to do with the issues presently before this Court.

I hereby certify that the foregoing statements made by me are true.  If they are willfully false I realize that I am subject to punishment.

LAW OFFICES OF JOHN T. DOOLEY, LLC

Dated: October 18, 2010          BY: _____
                                      John T. Dooley, Esquire
                                      John A. Mattiacci, Jr., Esquire
                                      Attorneys for Defendants,
                                      Tacconelli's Pizzeria, LLC and Vincent Tacconelli

LAW OFFICES OF JOHN T. DOOLEY, LLC
By:     John T. Dooley, Esquire
5434 King Avenue @ Route 38 East
Suite 202
Pennsauken, NJ   08109
856-488-9010
856-488-9019 FAX
Email: jtd@dooleylaw.net
Attorneys for Defendants, Tacconelli's Pizzeria, LLC and
Vincent Tacconelli

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHONDA ABBOTT,<br>GREGORY LASKY<br><br>                    Plaintiffs<br><br>        vs.<br><br><br>TACCONELLI'S PIZZERIA, LLC,<br>VINCENT TACCONNELLI, and<br>BEST PROPERTIES<br>JOHN DOE(S) fictitious names of<br>Defendants A – Z<br>                    Defendants | :<br>:<br>:Civil Action No.: 1:10-cv-01901-JBS-AMD<br>:<br>:<br>:<br>: MEMORANDUM OF LAW OF<br>: DEFENDANTS TACCONELLI'S<br>: PIZZERIA, LLC AND VINCENT<br>: TACCONELLI IN RESPONSE TO<br>: PLAINTIFF'S BRIEF IN OPPOSITION<br>: TO THE MOTION OF DEFENDANTS<br>: FOR ATTORNEYS FEES AND COSTS |

## I.     STATEMENT OF FACTS

Plaintiff AFDA does not have the standing or capacity to bring this action pursuant to Federal Rule of Civil Procedure 17.  Under F.R.C.P. 17(b)(2), a corporation's capacity to sue is determined by the law of the State wherein it was incorporated.  Effective August 16, 2008, AFDA's certificate of incorporation was revoked for failure to file an annual report with the State of New Jersey.  See Exhibit "A."  The effect of the revocation of its certification of incorporation was to dissolve AFDA pursuant to N.J.S.A. 15A:12-1(a)(8).  Under N.J.S.A. 15A:12-15, AFDA may continue its corporate existence but only to carry on such activities as are necessary for the purpose of winding up its affairs; the statute provides five specific activities that a dissolved corporation may perform in winding up its affairs.  The prosecution of the case

against the Tacconelli defendants does not fall within any of the five activities enumerated in N.J.S.A. 15A:12-15.

This identical issue and defense was raised by Defendant Camden County in  lawsuit filed by Plaintiff AFDA in the matter of Gregory Lasky and AFDA v. County of Camden and City of Camden, Civil Action Number 09-04338-RBK-KMW.  On September 28, 2009, AFDA filed a stipulation of dismissal, signed by all parties, dismissing voluntarily its suit against Defendants in that case before a ruling could made on defendant's motion to dismiss in that case. Despite prior knowledge of Plaintiff AFDA's dissolution pursuant to N.J.S.A. 15A:12-1(a)(8), AFDA, through its attorney, Anthony J. Brady, Jr., Esquire, has negligently, recklessly, intentionally and in bad faith misrepresented AFDA's standing to bring this action.  AFDA does not have standing to bring this suit against moving defendants.  This case contains the same parties and allegations of discrimination as are at issue in the matter of Gregory Lasky and AFDA v. County of Camden and City of Camden, Civil Action Number 09-04338-RBK-KMW.

After Attorney Brady filed Gregory Lasky and AFDA v. County of Camden and City of Camden, Civil Action Number 09-04338-RBK-KMW and received notice of AFDA's lack of standing, Attorney Brady and Plaintiff AFDA continually filed frivolous lawsuits in bad faith. Shortly after, Attorney Brady joined the AFDA as a Plaintiff in Law et al v. Williamsburg Plaza Shopping Center et al, Civil Action Number 6:2009cv01535.  Next, Attorney Brady joined the AFDA as a Plaintiff in Lasky et al v. City of Atlantic City et al, Civil Action Number 1:2009cv05436.   Later, Attorney Brady filed the AFDA as a Plaintiff in Lasky et al v. Moorestown Township, Civil Action Number 1:2009cv5624.  Attorney Brady next filed the present matter.  Then Attorney Brady filed the AFDA as a Plaintiff in Lasky et al v. Inn of Lack

City, Inc., Civil Action Number 3:2010cv00460.  Most recently, Attorney Brady filed the AFDA

as a Plaintiff in Lasky et al v. Big Taco Properties, L.P., Civil Action Number 1:2010cv03749.

## II.      LEGAL ANALYSIS

### LEGAL ARGUMENT I

**FEDERAL COURT SHOULD AWARD DEFENDANTS ATTORNEY FEES BECAUSE PLAINTIFF AFDA WAS PROVIDED WITH WRITTEN NOTICE AND A "SAFE HARBOR" OPPORTUNITY MORE THAN SIX MONTHS BEFORE THE COMPLAINT WAS FILED.**

It will not be disputed that the identical defense that AFDA had its certificate of

incorporation revoked August 16, 2008 was raised by defendant Camden County in another

lawsuit Gregory Lasky and AFDA v. County of Camden and City of Camden, Civil Action

Number 09-04338-RBK-KMW.

On September 17, 2009, defendant Camden County filed a supplemental brief raising this

identical defense against plaintiff AFDA in that prior action.  On September 28, 2009, AFDA

filed a stipulation of dismissal, signed by all parties, dismissing voluntarily its suit against

Defendants in that case before a ruling could be made on defendant's motion to dismiss by the

Honorable Judge Robert B. Kugler.  Therefore, plaintiff's argument that it was not provided with

a "safe harbor" opportunity is without merit.   Plaintiff AFDA and its attorney Anthony Brady,

Esquire absolutely knew as early as September 17, 2009 that no complaint could have been filed

on behalf of the AFDA.

By way of further answer, there is absolutely "no disposition" or "safe harbor provision"

contained in the New Jersey Law Against Disability, N.J.S.A.10:5-27.1. The NJLAD allows "the

prevailing party to recover reasonable attorney's fees as part of the cost, provided however, no

attorney's fees shall be awarded to the respondent unless there is a determination that the

complainant brought the charge in bad faith."   In addition, reliance by the AFDA and Mr. Brady

upon Toll Brothers v. Township of West Windsor, 918 A.2d. 595 (N.J. 2007) is factually and legally distinguishable from the present case. Regardless, "a litigant moving for counsel fees and costs pursuant to N.J.S.A 2A:15-59.1 is required to comply with R.1:4-8(b)(1)'s safe harbor provision, **"T[o] the extent practicable"**. R.1:4-8(f); id. 918 A.2d at 600. (Emphasis added).

In the present case, it was not practicable for Defendants to provide the AFDA and Mr. Brady with to the procedural "safe harbor" of 28 days.   This Honorable Court issued its Order and Opinion on August 24, 2010 (Documents 7 and 6 respectfully).   Furthermore, Defendant, Tacconelli Pizzeria, LLC was not considered a "prevailing party" until the honorable court entered its Order and Opinion on August 24, 2010.  After this, R.1:4-8 requires that motions must be filed no later than twenty days from the entry of judgment.  In addition, motions for costs and attorney's fees pursuant to N.J.S.A 2 A:15-59.1 must be filed either before the entry of judgment or possibly, **at the latest**, within ten days thereafter by a Motion to Alter or Amend Judgment.   In re Farnkopf, 833 A.2d 89, 98 (App. Div. 2003).   Therefore, there are various statutes and rules that the prevailing party must comply with so Tacconelli defendants cautiously erred in favor of filing its motions within ten days of this Court's Order and Opinion.   In any event, New Jersey Law Against Discrimination does not require notice under N.J.S.A. 10:5-27.1 prevailing party to recover fees and costs.

## LEGAL ARGUMENT II

## NEW JERSEY LAW AGAINST DISABILITY 10:5-27.1 HAS NO NOTICE REQUIREMENT FOR THE PREVAILING PARTY TO RECOVER FEES AND COSTS.

Finally, N.J.S.A 2:15-59.1(b)(1) legislature has determined that the pleading of a non-prevailing person is frivolous if it was commenced, used or continued in bad faith...or the non prevailing person "knew, or should have known" that the pleading "was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension,

modification or reversal of existing law." N.J.S.A 2:15-59.1(b)(2).  In the present case, there can be no doubt that the eleven (11) separate lawsuits filed on behalf of the AFDA by attorney Brady and specifically the four (4) that were filed after attorney Brady was put on notice in the City of Camden case referenced in the preceding paragraphs constitutes bad faith.  See also Patterson v. Cannon, 2010 N.J. Super. Unpub. LEXIS 2105 (App. Div. August 24, 2010).  In Patterson, the New Jersey Superior Court Appellate Division specifically held "we discern no such notice requirement under N.J.S.A. 10:5-27.1.  This section of the NJLAD allows prevailing party to recover reasonable attorney's fees as part of the cost, provided however, that no attorney's fees should be award to the respondent unless there is a determination that the complainant brought the charge in bad faith." Id. at 37-38 (pursuant to the New Jersey Rule 1:36-3 for citation of unpublished opinions, a copy of the Patterson v. Cannon Opinion is attached hereto as Exhibit "D" for both the court and  opposing counsel).

## LEGAL ARGUMENT III

### DEFENDANTS ARE PREVAILING PARTIES UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION ARE ENTITLED TO ATTORNEY'S FEES AND COSTS IF DEFENDANT HAS PROVED THAT AFDA'S COMPLAINT WAS FRIVOLOUS.

Defendants have proved that the complaint filed on behalf of the AFDA by attorney Brady was frivolous in that the AFDA, as the non-prevailing party, "knew or should have known" that the pleading was without any reasonable basis of law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law. Based on the facts set forth in this Reply and Memorandum of Law, there is no doubt that this Honorable Court should grant the requested costs and attorneys fees to Defendants.  Moreover, this Honorable Court should sua sponte issue a rule to show cause why the AFDA and attorney Brady should not be held responsible for wasting this Honorable Court's and other Court's time,

money and judicial resources for repeatedly filing eleven (11) separate lawsuits on behalf of the AFDA which was not in existence and specifically four (4) separate lawsuits after attorney Brady filed a Stipulation of Dismissal when this identical legal defense was raised in the aforementioned <u>City of Camden</u> case.   There is absolutely no excuse for these actions.   This Honorable court should hold the AFDA and attorney Brady responsible.   See N.J.S.A. 10:5-27.1; N.J.S.A. 2A:15-59.1(b)(1)and (b)(2).

## <u>LEGAL ARGUMENT IV</u>

**PLAINTIFF'S ARGUMENT THAT THE AFDA HAS BEEN REINSTATED HAS BEEN WAIVED AND SHOULD BE REJECTED BY THIS HONORABLE COURT.**

The reinstatement argument set forth by plaintiff is without merit and has been waived; therefore, it should be rejected by this Honorable Court.   It is stated by this Honorable Court in its Opinion dated August 24, 2010, AFDA lost its corporate status on August 16, 2008 almost nineteen (19) months before AFDA filed this case in Superior Court on March 9, 2010. Moreover, losing its corporate status on August 16, 2008, the AFDA and attorney Brady has filed eleven (11) separate lawsuits in spite of knowing that it has lacked corporate status and was no longer in existence.   Under these circumstances it would be inequitable and would result in absolutely absurd results for this Honorable Court granting plaintiff's request for relief giving its actions and intentional and reckless disregard for the laws, statutes and rules of court of New Jersey.

**LEGAL ARGUMENT V**

**PLAINTIFF AFDA CAN NOT BLAME THIS HONORABLE COURT FOR ITS OWN ACTIONS AND ACTIONS OF ITS ATTORNEY.**

Plaintiff's argument blaming this Honorable Court for converting defendants Motion to Dismiss to a Motion for Summary Judgment is without merit. This Honorable Court should reject Plaintiff's arguments on its face.

Attorney Brady is listed as the agent for the AFDA.   He should have realized approximately nineteen (19) months before he filed the present cause of action that the AFDA lost its corporate status.   Moreover, the AFDA and/or its attorney Mr. Brady could have easily reinstated the corporate status of the AFDA after the defense was raised by Defendant Camden County on September 17, 2009.  This defense was raised approximately six (6) months before attorney Brady filed the present cause of action on behalf of the AFDA.   AFDA and attorney Brady cannot now blame this Honorable Court for converting defendants Motion to Dismiss to a Motion for Summary Judgment. Very simply, attorney Brady must be aware of the Federal Rule of Civil Procedure 12(d) which provides in relevant as part follows:

> If, on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for Summary Judgment under rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Therefore, Attorney Brady cannot blame this Honorable Court for converting the Motion to Dismiss to a Motion for Summary Judgment.

**LEGAL ARGUMENT VI**

**DEFENDANTS WERE SUCCESSFUL ON THE MERITS, DEFENDANTS PROVED THAT THE AFDA AND ATTORNEY BRADY SHOULD HAVE NEVER FILED THE LAWSUIT ON BEHALF OF THE AFDA.  THEREFORE, AS TO PLAINTIFF, AFDA, DEFENDANTS SUCCESSFULLY ARGUED A MOTION FOR SUMMARY JUDGMENT DISMISSING THE CLAIMS OF THE AFDA.**

The AFDA and its attorney Mr. Brady failed to provide this Honorable Court with any legal authority to support its unfounded position.  Therefore, this argument has been waived.  A Court is not obligated to research and construct a party's legal arguments.  See Sanchez v. Miller, 792 F.2d 694, 703 (7th Cir. 1986).   Moreover, arguments mentioned in passing, but not directly argued with legal citations will be deemed waived.  Pa Dept. of Pub. Welfare v. United States HHS, 101 F.3d 939, 945 (3rd Cir. 1996).

Moreover, a party who knowingly consents to an application for relief should not later be heard to complain that the application is frivolous. In re of Farnkopf, 833 A.2d 89 (App. Div. 2003).  In Response to the Defendant's Motion for Summary Judgment attorney Brady was given a chance to explain the AFDA's position, but simply said that "consenting to a dismissal of AFDA… has been the undersigned generals policy for many years."  This Honorable Court correctly held "such a policy is unsatisfactory and provides cold comfort for the defendants after AFDA has improperly sued for monetary and injunctive relief." It is particularly disturbing that attorney Brady and the AFDA would attempt to keep defendants from there entitlement of attorneys fees and costs, especially since defendants are without insurance coverage for ADA claims and are personally responsible for the payments of the fees and costs to defend themselves in this action.

**LEGAL ARGUMENT VII**

**DEFENDANTS SUBMITTED A DECLARATION IN SUPPORT OF ATTORNEY FEES AT TIME OF FILING.**

Defendants' request for counsel fees and costs should be granted since the case relied upon by Plaintiffs, Remis v. N.J. Dep't of Human Servs., 815 F. Supp. 141 (D.N.J. 1993) stands for the exact opposite position cited by Plaintiffs in their brief.   In Remis, Lisa Trude, the mother of Jennifer Remis, a twenty year old autistic woman with severe behavioral problems prevailed at a state administrated proceeding claiming that her daughter was entitled to special education services from the state of New Jersey under the Individuals with Disabilities Education Act (IDEA). Id. at 142.   The District Court of New Jersey decided that the IDEA provides for an award of attorney's fees and costs to a party who prevails at a state administrated proceeding. Id. at 144.  However, Mrs. Trude failed to set forth the time that her attorney spent on the matter, the proposed billing rate or her costs of litigation.   Id.   As a result, the District Court of New Jersey held that although she is entitled to attorney's fees and cost, the court could not grant her final relief **at this time**. Id. (emphasis added).   The District Court in its order set out the procedure that parties must follow with respect to the award of attorney's fees and costs.

Similarly in the present case, defendants filed its Motion for Attorneys' Fees and Costs in ten (10) days of the date of this Honorable Court's Order and Opinion.  In accordance with the Opinion of the District Court of New Jersey in Remis, counsel for Defendants have set forth an Affidavit of how many hours have been spent defending this action against the AFDA and attorney Brady; a description of the services rendered on various dates by each attorney the specific time/hours spent in rendering the needed service; the billing rate of John T. Dooley, Esquire of $750 per hour and the billing rate of John A. Mattiacci, Jr., Esquire at a billing rate of $325 per hour.

In addition, the attached affidavit and supporting documents sets forth the total hours spent defending this case, the hours specifically attributed to AFDA, the number of hours spent, the total cost, and the total amount they charged to the Tacconelli defendants of $9,157.50. (See Exhibit "C").

## LEGAL ARGUMENT VIII

### THIS HONORABLE COURT IS REFERRED TO LEGAL ARGUMENT I

The same argument was previously set forth in legal argument number one.  In order not to waste anymore of this court's time and judicial resources, defendants will rely upon the arguments previously set forth in its reply and its argument set forth in Legal Argument Number One (I) above.

## LEGAL ARGUMENT IX

### EQUITY IS IN FAVOR OF DEFENDANT, ESPECIALLY IN LIGHT OF THE REPEATED FILINGS OF THE AFDA, A NONEXISTENT PARTY.

The NJ Committee on Attorney Advertising Op. 33 written on May 23, 2005 is no longer in effect.  See In re Opinion 39 of Committee on Attorney Advertising, 961 A.2d 722 (N.J. 2008).  The Supreme Court of New Jersey was persuaded that the standard set forth in the Rules of Civil Procedure require review and, at least in respect to R.P.C. 7.1(a)(3), modification both because of the constitutional concerns identified in the Report and in light of emerging trends in attorney advertising.   In essence, the Supreme Court of New Jersey followed the Opinion by the United States Supreme Court in Bates v. State Bar of Arizona, 433 U.S. 350, 97 S. Ct. 2691, providing "advertising by attorneys [is] a form of commercial speech protected by the First Amendment and may not be subject to blanket suppression". Id. 197 N.J. at 71.

Contrary to the assertions of Mr. Brady, since opening my law firm in 2005, I have tried numerous cases to verdict and settled many other cases for total recovery on behalf of my

numerous clients in the amount of approximately 35 million dollars.  I graduated from Widener University School of Law with honors in 1993, obtained a Masters Degree in Trial Advocacy from Temple University – James E. Beasley School of Law in 2003.  I am a member of the Million Dollar Advocates Forum which limits membership to trial attorneys who have demonstrated exceptional skill, experience and excellence in advocacy in achieving trial verdicts, awards or settlements in the amount of $1 million dollars or more.   I have taught trial advocacy at the I.T.A.P. Program at Widener University School of Law.   I have lectured other attorneys on various topics.

Defendant, Tacconelli has agreed to pay John T. Dooley, Esquire $750 per hour and John A. Mattiacci, Jr., Esquire $325 per hour.  Thus, the hourly rate of Mr. Dooley as well as his associate, John A. Mattiacci, Jr., is not too high.  If both attorneys were not handling this case on behalf of the Tacconelli defendants, each attorney would be working on other files in the Law Office of John T. Dooley, LLC.  Based on the results obtained the hourly rates of both attorneys' are appropriate.

## LEGAL ARGUMENT X

**DEFENDANTS REQUEST FOR ATTORNEY'S FEES AND COSTS HAVE NOTHING TO DO WITH THE CLAIMS OF RHONDA ABBOTT; THEREFORE, THIS HONORABLE COURT SHOULD REJECT PLAINTIFF'S REQUEST TO HOLD ANY ATTORNEY FEE DECISION IN ABEYANCE.**

Again, plaintiff has failed to provide this Honorable Court with any legal authority for this unfounded position.  Moreover, Plaintiffs confirm the claims of the AFDA were dismissed and the issues between Rhonda Abbott and defendants have not been decided.  Therefore, this Honorable Court should reject defendants arguments contained in this section.

**LEGAL ARGUMENT XI**

**PLAINTIFF AFDA AND ITS ATTORNEY ANTHONY J. BRADY ACTED IN BAD FAITH.**

In order not to waste anymore of this Honorable Court's time and judicial resources, defendants will rely upon its arguments set forth previously in this Memorandum of Law and Reply to support that defendants claim that AFDA and its attorney acted in bad faith warranting the award of attorney's fees and costs.

**LEGAL ARGUMENT XII**

**DEPOSITIONS AND DISCOVERY ARE INAPPRORIATE**

Plaintiffs are not entitled to conduct depositions on defendants and defense attorneys in order to determine the hourly rate charged and the amount of actual hours.  Again, plaintiffs have failed to provide this Honorable Court with any legal authority for its position that it is entitled to take a deposition of defendants and their attorney in order to ascertain the hourly rate charged and the amount of actual hours used in defending this case.  A Court is not obligated to research and construct a party's legal arguments.  See Sanchez v. Miller, 792 F.2d 694, 703 (7th Cir. 1986). Moreover, arguments mentioned in passing, but not directly argued with legal citations will be deemed waived.  Pa Dept. of Pub. Welfare v. United States HHS, 101 F.3d 939, 945 (3rd Cir. 1996).

To the contrary, counsel for defendants have attached an affidavit and supporting documents to establish the number of hours spent defending this case and the rates charged as to Plaintiff AFDA only.  Thus, there is no need to take the deposition of defendants and defense counsel.

Moreover, defendants would object to any deposition on the basis of attorney-client privilege.  As set forth in the supporting documents, there were numerous telephone

conversations with the client and meetings to discuss the privileged topics including but not limited to theories of defense, insurance issues, settlement and trial tactics. By failing to provide this Honorable Court with any legal authority for such discovery, this Court should deny plaintiffs request out right.

**III    CONCLUSION**

On behalf of the Tacconelli Defendants, counsel respectfully requests this Honorable Court to grant defendants motion for attorney's fees and costs.   In addition, counsel for defendant would like to apologize to this Honorable Court, its law clerks, and staff for the waste of time and judicial resources that have been expended by this Court in dealing with issues that should have never been filed with this court in the first place.

Respectfully submitted,

Dated: October 18, 2010        BY: _____

LAW OFFICES OF JOHN T. DOOLEY, LLC
John T. Dooley, Esquire
John A. Mattiacci, Jr., Esquire
Attorneys for Defendants,
Tacconelli's Pizzeria, LLC and Vincent Tacconelli