```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RHONDA ABBOTT et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 10-1901 (JBS/AMD) |
| v. | |
| TACCONELLI'S PIZZERIA, LLC et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

    This matter is before the Court on several motions by both parties in this acrimonious dispute. Specifically, Plaintiffs Rhonda Abbott and Gregory Lasky have moved to amend their Complaint [Docket Item 9], and Defendants Tacconelli's Pizzeria, LLC and Vincent Tacconelli have moved in opposition to Plaintiffs' motion to amend, or alternatively to dismiss Plaintiffs' proposed Amended Complaint [Docket Item 11], and Plaintiffs have moved to file a surreply brief in which Plaintiff Lasky responds to perceived libel by counsel for Defendants. [Docket Item 20.] In addition, currently before the Court is Defendants' motion for attorney fees and costs. [Docket Item 8.] THE COURT FINDS AS FOLLOWS:

    1. On August 24, 2010, the Court granted in part Defendants' motion to dismiss Plaintiffs' Complaint. [Docket Item 6.] The Court dismissed Plaintiff Lasky's claims without

prejudice to filing a motion for leave to file an amended complaint within fourteen days of the entry of the Order, so that he could more completely plead his claims in Count II and Count IV of the Complaint.

2. On September 9, 2010, Plaintiffs filed a motion to amend, and included their proposed Amended Complaint, purporting to cure the original Complaint's deficiencies.  On October 29, 2010, the Court excused Plaintiff's untimeliness in filing the motion. [Docket Item 17.]

3. Plaintiff's proposed Amended Complaint alleges eight counts of violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:5-1 to -49, and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213.  Counts I and II pertain to Plaintiff Abbott; these counts previously survived Defendants' original motion to dismiss, and are not the subject of dispute at this time.  Counts III and IV pertain to Plaintiff Gregory Lasky's past experiences attempting to visit Defendants' establishment.  Count V adds, as a new defendant, Best Properties, as landlord of Plaintiff Tacconelli's Pizzeria.  Count VI pertains to Plaintiff Lasky's intent to visit Defendants' establishment, as an ADA "tester", in the future.  Count VII seeks a declaratory judgment that Defendants violated the ADA.  Finally, Count VIII repeats the allegations in the Amended Complaint as to unidentified John Doe defendants.

4. Pursuant to Fed. R. Civ. P. 15(a), the Court should "freely give leave" to amend the pleadings when justice so requires. "In the absence of substantial or undue prejudice" the Court should only deny a motion to amend "based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

5. Defendants oppose Plaintiffs' motion to amend on the grounds of both futility and bad faith. Defendants argue that amendment would be futile because the proposed Amended Complaint does not cure the deficiencies of the original Complaint and argue bad faith on the ground that Plaintiff has previously filed complaints joining an invalid organizational plaintiff.

6. With regard to futility, Defendants argue that while Plaintiff Lasky specifies some of the dates that he attempted to visit Defendants' establishment, he does not plead specific dates for every one of his visits, and he does not plead the specific time of the day that his efforts were impeded. Additionally, Defendants argue that while Plaintiff Lasky alleges that Defendants' bathroom facilities fail to meet standards of New Jersey Administrative Code, he does not allege that he at any time attempted to use the bathroom, or even entered Defendants' establishment. Defendants also argue that while Plaintiff

3

alleges that Defendant Vincent Tacconelli intentionally piled snow near handicapped parking spaces that created illegal barriers to access, Defendants argue that this allegation should be disregarded because the Tacconelli Defendants are not responsible for snow removal.  Finally, Defendants argue that in Plaintiffs' Count VI relating to Plaintiff's role as a "tester" is insufficiently specific, in that Plaintiff alleges that he encountered barriers at Defendants' establishment, but does not specify what barriers he encountered.

    7.  The Court finds Defendants' arguments regarding futility to be unavailing.  Under Fed. R. Civ. P. 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Thus, the Supreme Court has held that a plaintiff is obligated to "provide the grounds of his entitle[ment] to relief," which requires more than "labels and conclusions," but plaintiff is not required to lay out "detailed factual allegations."  <u>Bell Atlantic Corp. V. Twombly</u>, 550 U.S. 555 (2007) (internal quotations omitted).  In short, a complaint must contain facially plausible claims; that is, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> At 556.

    8.  In the instant case, Plaintiff Lasky has alleged that on particular days, he attempted to visit Defendants' establishment

but was prevented from doing so because on at least two occasions, Defendant Tacconelli intentionally piled snow on or near the handicapped spaces, obstructing access to any handicapped person who should park there.  Plaintiff has additionally alleged that he intends to return to the establishment in the future, both as a consumer and as a tester.  The Court finds these allegations sufficient to state a claim for relief under the ADA and the NJLAD.  See Abbott v. Tacconelli's Pizzeria, LLC, Civ. No. 10-1901, Slip Op. 2010 WL 3359533 at *3-4 (D.N.J. Aug. 24, 2010).

9.  To state a claim under the ADA, a plaintiff must allege that "(1) he was discriminated against on the basis of the disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns or operates a place of public accommodation." Id. (citing Bowers v. Nat'l Collegiate Athletic Ass'n, 118 F. Supp. 2d 494, 514 (D.N.J. 2000)).  To state a claim for discrimination on the basis of handicap under the NJLAD, N.J. Stat. Ann. § 10:5-12(f), a plaintiff must allege (1) that plaintiff qualifies as handicapped, (2) that defendant is a public accommodation within the meaning of the NJLAD, and (3) that plaintiff was denied services and equal treatment by defendants by virtue of his or her disability.  D.B. v. Bloom, 896 F. Supp. 166, 171 (D.N.J.

1995).  Thus, by alleging that Defendant Vincent Tacconelli, the proprietor of a place of public accommodation, intentionally piled snow in a place to block access to his establishment from the handicapped space, which actually impeded Plaintiff from accessing the establishment, Plaintiff has sufficiently stated a claim under both the ADA and the NJLAD.

10.  With regard to Plaintiff's allegations regarding the restroom facilities, Plaintiff represents in briefing on these motions that he physically accessed Defendants' restroom on a date not included in the proposed Amended Complaint, and requests the Court's leave to amend the proposed Amended Complaint to include that date.  The Court will grant the request along with the motion to amend.[1]  Furthermore, the Court will require Plaintiff Lasky to state with particularity each defendant

---

[1] The parties' briefing descend into unprofessional bickering at several points on these motions, including at this point.  The Court notes that Mr. Dooley, counsel for Defendants, accuses Plaintiff Lasky of "vandalizing" the restroom at the Defendant establishment in ¶ 11 of Defendants' response to Plaintiffs' opposition to Defendants' motion to dismiss the proposed Amended Complaint.  In response, Plaintiff requests the Court's leave to file a surreply brief to respond to the accusation.  The Court will disregard the accusation of Defendants' counsel, as it is irrelevant to any issue of law before the Court and not supported by any evidence of which the Court could take note.  Consequently, the Court will deny Plaintiffs' motion to file a surreply as moot.  The Court also takes the opportunity to remind counsel in this matter to, in future filings with this Court, prepare and brief their arguments more in keeping with their obligations under the New Jersey Rules of Professional Conduct, and with fewer personal attacks not relevant to the legal issues.

against which he seeks judgment in Counts IV, VI and VII; merely seeking "judgment" without specifying which of the multiple Defendants his claim is against does not suffice under Rule 8(a), and the proposed Amended Complaint must be revised accordingly. Finally, proposed Count V must be clarified now to identify which Plaintiff brings suit against Defendant Best Properties; while ¶ 25 of the proposed Amended Complaint states that "<u>Plaintiffs</u> repeat the allegations of the First, Second and Third counts," (emphasis added), the <u>ad damnum</u> clause recites only that "<u>Plaintiff Lasky</u>" demands judgment against Best Properties, and this confusion must likewise be remedied before the revised Amended Complaint is filed herein.

    11.   Defendants' arguments that they cannot be liable as a matter of law for the removal of snow because they are not responsible for the snow removal alleges facts outside the pleadings, and without any factual support.  Thus, such allegations are improper at this stage in the litigation.  <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir. 2002) ("As a general rule, the court may only consider the pleading which is attacked by an FRCP 12(b)(6) motion in determining its sufficiency. The court is not permitted to look at matters outside the record.") (quoting 62 Fed. Proc. L. Ed. § 62:508).

    12.   Defendants' arguments that the pleadings insufficiently

specify what times Plaintiff visited the establishment, and what barriers he encountered call for more specificity than is necessary under Rule 8.  The Court therefore finds that Plaintiff's motion to amend is not futile.

    13.  Defendants additionally oppose Plaintiff's motion to amend on the basis of bad faith.  The Third Circuit has held that courts may deny a motion to amend if "a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).  Courts find prejudicial bad faith in cases where the motion to amend is filed at a time when defendants are harmed by the amendment, for example after discovery has occurred. In re Madera, 586 F.3d 228, 234 (3d Cir. 2009).  In the instant matter, the Court finds no such bad faith.

    14.  Defendants' arguments of bad faith relate primarily to the fact that Plaintiffs previously joined as a plaintiff the Association for Disabled Americans ("AFDA") despite the fact that the entity had lost its corporate certification.  The Court finds that such improper joinder in the past does not render the filing of an amended complaint now to be in bad faith, especially in light of the fact that the Court permitted Plaintiff Lasky to seek leave to file an amended complaint in its August 24, 2010 Opinion and Order.  Thus, the Court finds that Plaintiff's

Amended Complaint is not filed in bad faith.  The Court will, therefore, grant Plaintiffs' motion to file an amended complaint and deny Defendants' motion to dismiss the proposed Amended Complaint.

15.  Defendants additionally move for attorney fees and costs pursuant to N.J. Stat. Ann. § 10:5-27.1 and § 2A:15-59.1, which allow for the awarding of reasonable attorney fees and costs to the prevailing party defendant in a matter such as this provided the defendant can show the claim was frivolous or brought in bad faith.  Defendant argues that Plaintiff AFDA's claim was frivolous and filed in bad faith because it alleged that the AFDA had standing in its own right to sue, when it had lost its corporate charter, and there is evidence that attorney Anthony J. Brady, Esq., counsel for Plaintiffs in this matter, knew of the lapsed status of the AFDA because the same defense had been raised prior to the filing of the instant action, in the case of Lasky v. Camden County, Civ. No. 09-4338 (D.N.J.).

16.  Indeed, Defendant includes evidence of several cases, in addition to the instant action, apparently filed by Mr. Brady alleging AFDA's standing that were filed after Mr. Brady and the AFDA were alerted to the organization's lack of standing to file suit in this state.  See, e.g., Lasky v. Atlantic City, Civ. No. 09-5436 (D.N.J.); and Lasky v. Big Taco Properties, L.P., Civ. No. 10-3749 (D.N.J.).

9

17.  Plaintiffs oppose this motion on several grounds, many of them irrelevant.  Only one argument is necessary to decide this issue, however, which is that the awarding of fees under either § 10:5-27.1 or § 2A:15-59.1, unlike motions for sanctions under Rule 11, Fed. R. Civ. P., is improper because both statutes require that the defendant awarded fees be a "prevailing party." Defendants here, however, only prevailed in having the AFDA dismissed for lack of standing, a jurisdictional matter.  <u>See</u>, <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992). Thus, Defendants are not "prevailing parties" within the meaning of the statutes, which courts have read as requiring that the prevailing party achieve some level of substantive relief to be deemed "prevailing."  <u>See</u> <u>Figueroa v. Buccaneer Hotel Inc.</u>, 188 F.3d 172, 183 n.15 (3d Cir. 1999) (dismissal for lack of jurisdiction is not decision on merits, and that, consequently, successful party is not "prevailing party" for purposes of assessing fees); <u>Hygienics Direct Co. v. Medline Industries, Inc.</u>, 33 F. App'x 621, 625 (3d Cir. 2002) ("a defendant cannot be considered a 'prevailing party' when a complaint is dismissed for lack of jurisdiction because the defendant has not prevailed over the plaintiff on any issue that is fundamental to the action"). Defendants cite no authority to the contrary that a defendant who dismisses a party or complaint on a jurisdictional matter can claim prevailing party status.  Consequently, Defendants cannot

10

recover under the two statutes through which they seek fees, and the Court must deny their motion.

18. In sum, the Court will grant Plaintiffs' motion to amend their Complaint, deny Defendants' motion to dismiss the amended complaint, and deny Defendants' motion for fees. Additionally, the Court will deny Plaintiff's motion to file a surreply to Defendants' motion to dismiss as moot. The accompanying Order shall be entered.

19. Because this case is lagging, the Court is providing an expedited schedule for service of process, preparation of Joint Discovery Plan, and conclusion of all fact and expert discovery in the accompanying Order.


**June 28, 2011**         **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
       United States District Judge