RHONDA ABBOTT,
and GREGORY LASKY Plaintiffs,

v.

TACCONELLI'S
PIZZERIA, LLC, et al., Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CIVIL ACTION NO.:1:10-CV-1910

---

## BRIEF OF TACCONELLI DEFENDANTS IN SUPPORT OF ITS
## NOTICE OF MOTION TO ENFORCE SETTLEMENT

---

LAW OFFICES OF JOHN T. DOOLEY, LLC
5434 KING AVENUE, SUITE 202
PENNSAUKEN, NJ 08109
Phone: 856 488-9010
Fax:    856 488-9019
Email:
JTD@DOOLEYLAW.NET
Attorneys for Defendants,
Tacconelli's Pizzeria, LLC
And Vincent Tacconelli

Counsel and On the Brief:
John T. Dooley, Esq.

## TABLE OF CONTENTS

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Legal Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.     THE SETTLEMENT REACHED BETWEEN THE PARTIES IS BINDING
         AND SHOULD BE ENFORCED BY THIS COURT . . . . . . . . . . . . . . . . . . . . 4

        a.  This Court Maintains Jurisdiction to Enforce the Settlement Reached Between
           the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        b.  The Parties Entered into a Settlement Agreement which Must be Enforced
           by This Court Pursuant to State Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## CASES

Berg Agency v. Sleepworld-Willingboro, Inc.,
  136 N.J. Super. 369 (App. Div. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Bistricer v. Bistricer,
  231 N.J. Super. 143 (Ch. Div. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6-7

Comorata v. Chaumont, Inc.,
  52 N.J. Super. 299 (App. Div. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

DeCaro v. DeCaro,
  13 N.J. 36 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Douris v. Hopewell Township,
   212 U.S. Dist. LEXIS 18015 (United States District Court of New Jersey, J. Wolfson 2/14/12)..8

Excelsior Ins. Co. v. Pennsbury Pain Ctr.,
  975 F.Supp. 342 (D.N.J. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4-5

Hagrish v. Olsen,
  254 N.J. Super. 133 (App. Div. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Honeywell v. Bubb,
  130 N.J. Super. 130 (App. Div. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Jannarone v. W.T. Co.,
  65 N.J. Super. 472 (App. Div. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Kokkonen v. Guardian Life Ins. Co. of Am.,
  511 U.S. 375 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

NAACP v. Township of West Orange, N.J.,
  786 F. Supp. 408 (D.N.J. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Nolan by Nolan v. Lee Ho,
  120 N.J. 465 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Pascarella v. Bruck,
  190 N.J. Super. 118 (App. Div. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5-6

U.S. Plywood Corp. v. Neidlinger,
41 N.J. 66 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

United States v. Lightman,
988 F.Supp. 448 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Williams v. Vito,
365 N.J. Super. 225 (Law Div. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## PRELIMINARY STATEMENT

This motion arises from Plaintiff, Rhonda Abbott's failure to sign the Confidential Settlement and General Release Agreement reached between the parties. By way of background, Plaintiffs, Rhonda Abbott and Gregory Lasky filed a Complaint in New Jersey state court which was removed to this Court by the Tacconelli Defendants on April 14, 2010. After several motions to dismiss Plaintiffs' claims, Plaintiffs filed their final Amended Complaint on July 12, 2011. Plaintiffs' Amended Complaint also included claims against Best Properties, LLC. Best Properties, LLC then filed a Third Party complaint against Cole ML Maple Shade NJ, LLC.

After Defendants filed Answers, Magistrate Judge Ann Marie Donio scheduled an in-person settlement conference for March 14, 2012. On March 12, 2012, the office of counsel for Plaintiffs, Anthony J. Brady, Esquire contacted this Honorable Court and informed the Court "the above captioned matter has settled". On March 13, 2012, Mr. Brady then confirmed the settlement in writing to the Court and all counsel. (See Exhibit "B").

All parties, through their attorneys, engaged in settlement negotiations resulting in the acceptance of a settlement offer of $3,000 to both Plaintiffs, Abbott and Lasky, along with other injunctive relief, in exchange for a release of any and all claims which were asserted or could have been asserted up and through the date of the Release.

Plaintiffs' counsel agreed to the settlement via a letter to the Court (See Exhibit "B") and via emails to defense counsel dated March 13, 2012 providing a Stipulation of Dismissal With Prejudice (See Exhibit "D") and an email enclosing Mr. Brady's W-9 Form and instructions for the "Settlement check to be made out to 'Trust Account of Anthony J. Brady, Jr.'".(See Exhibit "E"). Moreover, on March 16, 2012, the Stipulation of Dismissal was signed by John T. Dooley,

Esquire on behalf of the Tacconelli Defendants. (See Exhibit "D").

Based on the representations of Plaintiffs' counsel, the Court entered an Order of Dismissal on March 15, 2012, confirming the Court retains jurisdiction of the matter to the extent necessary to enforce the terms and conditions of any settlement entered into between the parties. (See Exhibit "C").

After all parties, through their counsel, orally agreed to settle the entire case and all claims, all attorneys worked on a written settlement document. On April 30, 2012, the written Confidential Settlement and General Release Agreement was sent to Anthony J. Brady by John T. Dooley via email, requesting Attorney Brady to have his clients sign the Release and Attorney Dooley "will forward the check from the Tacconelli defendants". (See Exhibit "G").

On April 30, 2012, Defendant, Vincent J. Tacconelli provided his attorney with Check #5279 made payable to "Trust Account of Anthony Brady, Jr." in the amount of $1,000.00. (See Exhibit "F"). This settlement check was provided based on the representations of Attorney Brady that the entire case was settled and made payable based on the instructions of Attorney Brady in his March 13, 2012 email. (See Exhibit "B").

On May 4, 2012, John T. Dooley emailed Anthony J. Brady stating "Anthony: Please have your clients sign the release and forward to me. I have the check from the Tacconelli defendants waiting to be sent. Thanks." In response, Mr. Brady stated "thank you" (See Exhibit "H").

On May 10, 2012, counsel for the Tacconelli Defendants followed up with Mr. Brady and sent another email: "Anthony, what's the status of the release? We are coming up on the Court's deadline of 5/15/12. Let me know asap." (See Exhibit "H").

In response to the May 10, 2012 email, Attorney Brady sent a letter dated May 11, 2012

2

to the Honorable Jerome B. Simandle which stated in relevant part, as follows:

> The above matter has not been consummated in that Attorney Del Duca's client has not submitted the necessary closing papers at this time.
>
> Plaintiffs respectfully request an additional forty-five days for consummation of the settlement agreement. Mr. DelDuca and other issues have arisen.
>
> (See Exhibit "I").

**At this point, it must be noted that Plaintiff Abbott never had any claims against Defendant, Best Property, LLC. Thus, the request for an additional 45 days for closing papers only applied to Best Property, LLC and claims asserted by Plaintiff Lasky against Defendant Best Property, LLC. The additional 45 days had absolutely nothing to do with the claims of Plaintiff Abbott against the Tacconelli Defendants.**

On May 14, 2012, the Honorable Jerome B. Simandle entered an Order granting the request of Attorney Brady for an additional 45 days for Attorney Del Duca to submit closing papers on behalf of Best Property, LLC. (See Exhibit "J").

On June 20, 2012, Plaintiff Abbott had William B. Hildebrand, Esquire file a Motion to Vacate Dismissal Order [Docket Item 47] entered by the Court on March 15, 2012 [Docket Item 42], because Abbott refused to sign the Confidential Settlement and General Release Agreement negotiated on her behalf by Anthony J. Brady, Esquire. The Motion to Vacate the dismissal Order was filed more than 3 months after Attorney Brady had represented to the Court this case had already been settled as of **March 12, 2012** and more than 3 months after this Court had already dismissed this case as **March 15, 2012.**

On June 22, 2012, the Honorable Jerome B. Simandle vacated the Dismissal Order as to Plaintiff Rhonda Abbott only. Since the Court vacated the Dismissal Order in just 2 days of the

Motion being filed, there was no time to file any opposition to the Motion to Vacate. Therefore, permission was requested and granted by the Honorable Ann Marie Donio to file a Motion to Enforce the Settlement during the in-person settlement conference on August 8, 2012.

As there is no good faith basis to vacate the settlement reached between the parties, the Tacconelli Defendants respectfully request that the Court enforce the settlement reached between the parties as memorialized in the Confidential Settlement and General Release Agreement.

<strong><u>LEGAL ARGUMENT</u></strong>

I.  **THE SETTLEMENT REACHED BETWEEN THE PARTIES IS BINDING AND SHOULD BE ENFORCED BY THIS COURT**

   a.  **This Court Maintains Jurisdiction to Enforce the Settlement Reached Between the Parties**

The United States Supreme Court has stated that "[e]nforcement of [a] settlement agreement...whether through award of damages or decree of specific performance...requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). A district court may have ancillary jurisdiction to enforce a settlement agreement if the court retains jurisdiction by a separate provision or by incorporating the terms of the settlement agreement into an order. Id. at 381. In this case, the Court's March 15, 2012 Order explicitly stated that this Court retains jurisdiction to enforce the terms and conditions of any settlement entered into between the parties. On August 9, 2012, the Court granted Defendant leave to file a motion to enforce settlement. Accordingly, this motion is properly before the Court.

   b.  **The Parties Entered into a Settlement Agreement which Must be Enforced by This Court Pursuant to State Law.**

"State law governs the construction and enforcement of settlement agreements in federal

court." Excelsior Ins. Co. v. Pennsbury Pain Ctr., 975 F.Supp. 342, 348-49 (D.N.J. 1996). Under New Jersey state law, "[a]n agreement to settle a lawsuit is a contract which, like all contracts may be freely entered into[,] and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts." Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div. 1983) (internal quotations omitted).

"The public policy in this State strongly favors settlement of litigation. See Nolan by Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (citing Jannarone v. W.T. Co., 65 N.J. Super. 472 (App. Div. 1961), cert. denied, 35 N.J. 61 (1961)). It is well established that a settlement agreement between parties to a lawsuit is a contract. Pascarella v. Bruck, 190 N.J. Super. 118, 124 (App. Div. 1983), cert. denied, 94 N.J. 600 (1983). Generally, settlement agreements will be honored "absent a demonstration of 'fraud or other compelling circumstances.'" Id. at 125 (quoting Honeywell v. Bubb, 130 N.J. Super. 130, 136 (App. Div. 1974). Clear and convincing proof is required before a Court can vacate a settlement agreement. Nolan (citing DeCaro v. DeCaro, 13 N.J. 36 (1953)).

In New Jersey parties may orally, by informal memorandum, or both, agree upon all essential terms and effectively bind themselves if that is their attention. See Comorata v. Chaumont, Inc., 52 N.J. Super. 299, 305 (App. Div. 1958). The execution of a final written document is not necessary to form a settlement. Hagrish v. Olsen, 254 N.J. Super. 133 (App. Div. 1992). Absent unusual circumstances, executory agreements to settle litigation should be enforced. Id. (citing Jannarone, 65 N.J. Super. at 476-77). "So long as the basic essentials are sufficiently definite, any gap left by the parties should not frustrate their intention to be bound." Id. at 138 (quoting Berg Agency v. Sleepworld-Willingboro, Inc., 136 N.J. Super. 369, 377 (App. Div. 1975)). It is equally well established in New Jersey that an agreement to settle a lawsuit

5

voluntarily is binding upon the parties whether or not made in the presence of the Court or even in the absence of a writing. United States v. Lightman, 988 F.Supp. 448, 459 (1997) (citing Pascarella, 190 N.J. Super. at 124)). Moreover, in New Jersey an attorney for a private party may settle a lawsuit based upon actual or apparent authority which can either be expressed or implied. See NAACP v. Township of West Orange, N.J., 786 F. Supp. 408 (D.N.J. 1992); U.S. Plywood Corp. v. Neidlinger, 41 N.J. 66, 74 (1963) (holding that attorney presumptively had client's authority to approve settlement). In Hagrish, the Appellate Division reversed a Law Division Order vacating a settlement and remanded the case to enforce the settlement. The Court found that plaintiff's failure to execute release documents did not void the original agreement reached orally by the attorneys for both parties, nor did it render the agreement deficient from the outset. Hagrish, 254 N.J Super. At 138.

In Pascarella, the Appellate Division reversed a Law Division Order vacating a settlement. The plaintiff contacted her attorney after a $25,000 settlement agreement was made and told the attorney that she refused to go through with the settlement. Pascarella, 190 N.J. Super. (App. Div. 1983). The trial court held the settlement unenforceable. Id. However, the Appellate Division remanded the case to enter an order to enforce the settlement. Id. The Appellate Division held that it was of no consequence that the agreement to settle was made orally and further reasoned that the failure to inform the court of settlement and have the court clerk mark the case settled had no effect on the validity of the disposition. Id. at 124.

In Bistricer v. Bistricer, 231 N.J. Super. 143 (Ch. Div. 1987), a stipulation of settlement was enforced. Counsel had informed the Judge during a telephone conference that the case was settled "subject to counsel's submitting an order." Id. at 146-47. When defense counsel forwarded the stipulation of settlement to plaintiffs' counsel, plaintiffs' counsel objected to

6

various terms. Id. However, the Judge held that the six terms objected to were after-thoughts which could not abrogate the telephone agreement. Id. The Judge noted, "Moreover, the proposition that a case is not settled until the last 'i' is dotted and the last 't' is crossed on a written agreement carries the germ of much mischief. Id. at 152; see also Williams v. Vito, 365 N.J. Super. 225, 232 (Law Div. 2003) (holding that the settlement was enforceable and instructing the parties to execute the necessary settlement documents).

In this case, it cannot be disputed that the parties had reached a settlement agreement as confirmed by Plaintiffs' counsel letter to the Court on March 13, 2012 (See Exhibit "B") and Plaintiffs' counsel emails on March 13, 2012. (See Exhibits "D" and "E"). Moreover, an Order of Dismissal was entered by this Honorable Court on March 15, 2012, based on the representations and authority of Plaintiffs' counsel. (See Exhibit "C").

Furthermore, it would appear that the Court has concluded that all claims of Plaintiff Lasky have been settled based on the Order entered on June 22, 2012 [Docket Item 48] which vacated the March 15, 2012 Dismissal Order as to Plaintiff Abbott only. Since Attorney Brady was representing both Plaintiffs, Abbott and Lasky, Attorney Brady based on the representations made to the Court and all defense counsel had the authority to settle all claims for both his clients, Abbott and Lasky.

Anthony J. Brady, Esquire, has represented to all defense counsel that he had the authority to settle all claims for Plaintiff Abbott, that Abbott was kept aware of the negotiations and that Abbott agreed to the settlement. It would certainly seem from the representations of Mr. Brady that plaintiff Rhonda Abbott was aware of the settlement negotiations, agreed to the settlement and that Mr. Brady had the authority to settle all claims for plaintiff Abbott are true. On February 24, 2012, approximately one month before Mr. Brady sent a letter to this Honorable

Court representing that all claims had been settled as to plaintiff Abbott, a very similar issue had arisen with an ADA client that had been represented by Attorney Brady. Douris v. Hopewell Township, 212 U.S. Dist. LEXIS 18015 (United States District Court of New Jersey, J. Wolfson 2/14/12). In Douris, defendant Hopewell Township had to file a motion to enforce the settlement agreement against plaintiff. Id. at page 3. In Douris, plaintiff admitted that he had discussed the settlement with his attorney, but at a later date when he was presented with the "terms of the [written] agreement" he refused to sign the written settlement release agreement. Id.

The Honorable Freda L. Wolfson U.S.D.J. granted defendant's motion to enforce the settlement agreement. Id. at page 4.

In granting the motion to enforce the settlement agreement, the District Court reasoned that "nothing in the record demonstrates that Plaintiff's attorney lacked that authority" to settle the case. The court held, in the absence of "fraud or other compelling circumstances", it would grant defendant's motion to enforce the settlement agreement. In an almost identical fashion, the attorneys had agreed to settle the case through a series of emails similar to the present cause of action. In fact, on June 15, 2011, counsel for defendant Hopewell Township emailed plaintiff's counsel, Anthony Brady, to advise that he was "awaiting a signed settlement agreement". Id. at page 4. Then on August 9, 2011, Attorney Brady was forced to send a letter to the court noting that plaintiff had a "change of heart" and has "refused to sign the release". Based on the same legal authority presented to this Honorable Court, Judge Wolfson found that plaintiff's counsel had the authority to enter the settlement agreement on behalf of the plaintiff and granted defendant's motion to enforce the settlement agreement. Id. at page 4.

Since this opinion was decided and filed and provided to Attorney Brady on February 14, 2012, approximately one month before Attorney Brady sent the settlement letter advising the Honorable Ann Marie Donio that the case had settled (See Exhibit "B"), it would certainly

8

appear that Attorney Brady kept his client Rhonda Abbott informed of the negotiations and had

the actual and apparent authority to settle this case on behalf of Plaintiff Abbott.  Plaintiff Abbott

cannot now refuse to sign the Confidential Settlement and General Release Agreement, because

she changed her mind or simply decided to change attorneys. The Tacconelli Defendants and

their counsel justifiably relied upon the actual and apparent authority of Attorney Brady to settle

all claims for Plaintiffs, Abbott and Lasky. Accordingly, Defendants respectfully request that the

Court enforce the settlement agreement reached between the parties.

## CONCLUSION

For the foregoing reasons, the Tacconelli Defendants respectfully request that the Court

enforces the settlement reached between the parties.

Respectfully submitted,

**LAW OFFICES OF JOHN T. DOOLEY, LLC**
Attorneys for Defendants, Tacconelli's Pizzeria and
Vincent J. Tacconelli

By:_____
John T. Dooley

DATED:  August 23, 2012.

9